# W. R. Stoughton, part for use, Appellant, *v.* Manufacturers' Natural Gas Co.

*Insurance—Fire insurance—Subrogation—Act of April 15, 1891—Burden of proof—Presumption—Evidence.*

The effect of the subrogation clause in the standard policy provided by act of April 16, 1891, P. L. 22, is to place the right of the insurance company to subrogation on the footing of a legal right, which must prevail unless a stronger equity be shown against it.

The burden of showing a stronger equity is on the other party.

Where the property destroyed by fire is insured under the standard policy, and the owner of the property signs a subrogation receipt, and brings a suit against the person whose negligence caused the fire, joining in the suit the insurance company as a party plaintiff, the amount recovered

must be considered as prima facie representing the whole loss; in the absence of any evidence to rebut this presumption, the insured will be entitled to only the amount of the judgment in excess of what he received from the insurance companies.

Argued Oct. 25, 1894.   Appeal, No. 122, Oct. T., 1894, by plaintiff, from order of C. P. No. 1, Allegheny Co., March T., 1891, No. 218, distributing fund in hands of sheriff.   Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition for subrogation.

The petition of the Phœnix Assurance Co. of London and the Western Assurance Co. of Toronto averred in substance that a verdict was rendered in the above case, March 13, 1893, for $5,675.89, and judgment entered thereon.   [159 Pa. 64.] That a dispute has arisen between them and W. R. Stoughton as to the amount of said judgment petitioners are entitled to, and that the amount has been paid to the sheriff.   That the cause of action was a claim for damages against defendant for the destruction by fire of certain houses and personal property of said Stoughton, which were covered by policies of insurance held by Stoughton, being one of $2,000 on a house, made by the Phœnix Co., and three made by the Western Co., being $800 on said house, $300 on another house, and $1,500 on personal property.   That said Phœnix Co. paid to said Stoughton on its policy $1,980.64, and the other company paid on its policies $792.25, $300 and $1,454.50 respectively, aggregating $4,527.36.

That at the time of said payments said Stoughton assigned and transferred to said companies said several amounts by subrogation receipts (copies of which are attached to the petition), transferring all claims against any person arising from such loss, and subrogating said companies to his rights to the extent of the amount named in said subrogation receipts; that said action was carried on for the benefit of petitioners as well as said Stoughton, he being entitled to any loss he had sustained over and above the amount covered by the policies.   That petitioners actively participated in prosecuting the suit, and that it was carried on with the understanding that Stoughton was to have whatever was recovered over the sum of $4,527.36.

That Stoughton now claims the whole of the fund, but that petitioners believe they are entitled to the sum of $4,527.36 out of the fund.

The petition prayed that $2,676.21 may be decreed to the Western Assurance Co., and $2,081.29 to the Phœnix Co.

W. R. Stoughton filed an answer averring: That his said property was worth at the time it was destroyed by fire the sum of $9,972.77, and that his whole loss by said fire much exceeded that amount, and that he furnished proofs of loss to said companies showing his loss to be $9,972.77. That said companies then paid him the several sums alleged by them. That said policies being in the standard form contained the following clause:

"If this company shall claim that the fire was caused by the act or neglect of any person or corporation, private or municipal, this company shall, on payment of the loss, be subrogated to the extent of such payment to all right of recovery by the insured for the loss resulting therefrom, and such right shall be assigned to this company by the insured on receiving such payment."

That said companies having claimed that the fire was caused by the negligence of other parties, he gave them subrogation receipts as alleged, said receipts being in the form prescribed by the insurance department. That he thereupon brought an action against the Manufacturers' Natural Gas Co. to recover for the loss occasioned by the fire both to property insured and other property not covered by the insurance, upon the allegation that it was caused by their negligence, and recovered a judgment for $5,575.89. That said action was marked in part for the use of said companies, but they were not parties to it in any other sense.

He denied that there was any understanding that the companies should receive whatever might be recovered to the extent of the amounts paid to him, if it is meant that they were to receive the same before he should be compensated for his loss.

He admitted that petitioners took an active part in the prosecution of the suit, and that in addition to his loss by fire he has expended the sum of $1,192.88 for counsel fees in the prosecution of said suit; that he is advised that he is entitled to the whole of said judgment, less the amount, if any, which the

same and the payments of the said insurance companies exceed his loss.

The subrogation receipts, signed by Stoughton, after acknowledging the receipt of the money paid by each insurance company, continued: " And in consideration of such payment the undersigned hereby assigns and transfers to the said company each and all claims and demands against any person, persons or property, arising from or connected with such loss or damage, (and the said company is subrogated in the place of, and to the claims and demands of the undersigned against any person, persons or property in the premises) to the extent of the amount above named."

The court entered the following decree:

" And now, to wit, March 22, 1894, this cause came on to be heard, on petition and answer, as set down by consent of parties, and was argued by counsel, and the court being of opinion that the equitable plaintiffs are entitled to receive of verdict and judgment to the extent of the several sums assigned to them by W. R. Stoughton, the legal plaintiff, to wit, the Phœnix Assurance Co., $1,980.31, and the Western Assurance Co., $2,646.75 (but not to interest prior to verdict); 'it is hereby adjudged and decreed that the amount remaining in the sheriff's hands, to wit, the sum of $4,771.53, being the amount of debt and interest of judgment, less $1,192.88 paid by consent of parties to J. M. Garrison, Esq. (or $5,964.41 less $1,192.88), be distributed to, and the sheriff is directed to pay said sum of $4,771.53 as follows:

" To the Western Assurance Co., of Toronto, $2,140.97.

" To the Phœnix Assurance Co., of London, $1,665.03.

" And to W. R. Stoughton, the balance of said sum, viz: $965.53.

" Said payments to be made at the expiration of twenty days from this date, unless an appeal shall be taken in the meantime from this decree to the Supreme Court."

Plaintiff, W. R. Stoughton, took this appeal.

*Error assigned* was above decree. ·

*John D. Shafer, Alexander Gilfillan* with him, for appellants. —If the policies of insurance had not contained the clause

relating to the subrogation under which the subrogation receipts were given by appellant to the companies, they could not have claimed any right of subrogation or any right to interfere in his suit on paying him the full amount of the policies. To have subrogation they must first have paid the whole amount of his loss, whether covered by insurance or not, and they could not ask for subrogation or any interest in the suit until after they had done so: Ins. Co. v. Fidelity Co., 123 Pa. 523; Forest Oil Co.'s Ap., 118 Pa. 138; Assn. v. Lister, L. R. 9 Ch. Ap. 483; Ins. Co. v. McClaren, 12 Ont. 682.

The act of 1891 provides for subrogation and not assignment in the ordinary sense, as assumed by the court below.

The verdict against the wrong-doer does not fix the amount of the loss as between the insured and the insurer. It is res inter alios acta: Ins. Co. v. McClaren, 12 Ont. 682; Ins. Co. v. Confer, 158 Pa. 598.

*James Bredin,* for appellee.—Where the assured has sustained loss beyond that paid by the insurers the entire liability must be determined in the same suit, an action for a single tort being indivisible: ·Sheldon on Subrogation, § 229; Wood on Fire Ins. § 473; Flanders on Fire Ins. § 648; Hart v. R. R., 13 Metc. 99; Ins. Co. v. Erie Ry., 73 N. Y. 399; Ins. Co. v. Hutchinson, 21 N. J. Eq. 107; Steam Co. v. Phœnix Ins. Co., 129 U. S. 398; Bean v. R. R., 58 Mo. 82; Hall v. R. R., 13 Wall. 367; 17 A. & E. Ency. L. 559; Ins. Co. v. Fidelity Co., 123 Pa. 526.

The fact that the suit against the gas company was not brought by the insured until after the insurance companies had paid him the amount for which they were liable does not change the legal effect of the recovery against the gas company: Darrell v. Tibbitts, L. R. 5 Q. B. D. 560.

They were proper parties to the suit; were named on the record; had a direct interest in the result, and, as admitted by appellant in his answer to their petition, did take an active part in the prosecution of the suit, as they had a right to do. This brought them within the rules as parties to the action, bound by the judgment: Greenl. Ev. § 523; Peterson v. Lothrop, 34 Pa. 223; Giltinan v. Strong, 64 Pa. 242; Lloyd v. Barr, 11 Pa. 41.

OPINION BY MR. JUSTICE MITCHELL, Jan. 7, 1895:

The plaintiff brought his suit against the gas company for his whole loss, and prima facie the verdict must be considered as representing the whole loss. That was the question at issue, and it has been determined by the tribunal which has authority to conclude it. In this case there is nothing to rebut this presumption.

Subrogation is based upon equity, and no doubt the statute, in directing through its standard form of insurance policy the subrogation of the insurers to the rights of the insured against the party primarily responsible for the loss, meant that it should be administered on equitable principles. But the effect of the statute is to put such subrogation on the footing of a legal right, which must prevail unless a stronger equity be shown against it. In the first instance it relieves the insurer who has paid his policy, from the burden of showing his equity to subrogation, because it is now an express legal right given by the statute and the contract of the parties. If it is not to prevail, the burden of showing why, must be assumed by the other party. Such burden has not been met by the appellant. There may be cases where the wrongdoer would not be liable for the plaintiff's whole loss, as where after an interval of time, or the intrusion of some other agency, an additional loss occurs of which the wrongful act is not the proximate cause and yet which would be covered by the insurance. Such an instance is suggested by Haverly v. R. R. Co., 135 Pa. 50. In those cases the verdict would not be the measure of the plaintiff's loss, and therefore of the insurer's right to subrogation out of it, but such cases are exceptional and should be proved. The presumption, at least for the purpose of distribution, is that the verdict represents the whole of the loss. As said by our Brother WILLIAMS in Ins. Co. v. Fidelity Co., 123 Pa. 523, "if the insured had proceeded against the gas company a recovery against it for the loss by fire would when paid have reimbursed the insured, and his claim being thus satisfied no recovery could have been had against the insurance company." What was said in Ætna Ins. Co. v. Confer, 158 Pa. 598, 605, upon the non-conclusiveness of the judgment as to the loss, was said in illustration of the policy of this court not to express any opinion upon the merits of a case before it on the sufficiency of an

affidavit of defence, and is sustained by the consideration of the exceptional cases already referred to.   There is nothing shown in the present case to take it out of the general rule.

Judgment affirmed.