# Satterfield *v.* Wahlquist, Appellant.

*Workmen's compensation—Compensation agreement—Settlement with tort-feasor—Advance payment—Subrogation.*

1. Where a widow executes a compensation agreement with her husband's employer, whereby she accepts a sum stated as compensation for his death, and subsequently settles a suit which she had brought against a third party, who had negligently caused his death, for a sum less than that named in the compensation agreement, and the referee refuses the employer's request to terminate the agreement, but the compensation board modifies it so as to treat the sum paid to the widow by the tort feasor as an advance payment, such action of the board will be confirmed by the courts.

2. In such case, the rights of the children, unless changed by death, are fixed by the agreement, and cannot be affected by any action of the mother. So far as she is concerned, the compensation board having modified the agreement, their action in that respect cannot be changed by the court.

3. Rights of subrogation under the compensation act do not relate to the award or agreement of compensation. They relate rather to the rights as between the employer and the one who caused the injury.

Argued March 22, 1920. Appeal, No. 193, Jan. T., 1920, by defendant, from order of C. P. No. 3, Phila. Co., June T., 1919, No. 4111, dismissing appeal from Workmen's Compensation Board in case of Lucy Satterfield *v.* William Wahlquist, trading as the Powelton Garage. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Appeal from decision of the Workmen's Compensation Board.

From the record it appeared that the claimant signed a compensation agreement by which she accepted $6,-545.17, as compensation for her and her children for the death of her husband. Subsequently she brought suit against the Richards-Kelly Co., to recover damages for the negligent death of her husband, and settled this suit

for $3,500. Defendant then "filed a petition before the referee for the termination of the compensation agreement, but it was dismissed. On appeal the compensation board modified the agreement by treating the sum paid by the Richards-Kelly Co. as an advance payment." Defendant appealed to the court.

FERGUSON, J., filed the following opinion:

We cannot sustain this appeal from the decisions of the workmen's compensation board.

Rights of subrogation under the compensation act do not relate to the award or agreement of compensation. They relate rather to the rights as between the employer and the one who caused the injury. Whether or not there is a right in this case that may be asserted against the defendant in the common law action we do not decide, because the matter is not before us. We are interested only in the compensation agreement. The rights of the children, unless changed by death, are fixed by that agreement and cannot be affected by any action of the mother. So far as she is concerned, the compensation board has modified the agreement and their action in that respect cannot be changed by this court.

The appeal is dismissed.

Defendant appealed.


*Error assigned,* inter alia, was dismissal of defendant's exception to referee's dismissal of defendant's petition to terminate agreement.


*Raymond A. White, Jr.,* with him *Maurice W. Sloan,* for appellant.


No argument or printed brief for appellee.


PER CURIAM, May 3, 1920:

The husband of the appellee, while in the employ of the appellant, was struck by an automobile belonging to the Richards-Kelly Company, and sustained injuries

which resulted in his death. The appellant executed an agreement to pay compensation for his death, which was approved by the compensation board. The appellee brought an action against the Richards-Kelly Company, which was discontinued upon its payment to her of a certain sum in settlement of her claim against it. Thereupon the appellant filed a petition before the referee for the termination of the compensation agreement, but it was dismissed. On appeal, the compensation board modified the agreement by treating the sum paid to the claimant by the Richards-Kelly Company as an advance payment; but with this the appellant was dissatisfied and appealed to the court below. His petition for the termination of the agreement was there denied, for the reason given in the opinion dismissing his appeal, and on that opinion this appeal is dismissed, at the costs of the appellant.