# Wilson *v.* Pittsburgh B. & I. Works.

# Chicago Railway Equipment Company, Appellant.

*Workmen's Compensation—Subrogation—Deduction of attorney's fees—Section 319, Workmen's Compensation Act of 1915, P. L. 749.*

In the event of a recovery by an employee for injury sustained in the course of his employment through the negligence of a third person, the employer who has paid, or is liable for, compensation is subrogated, to the extent of such compensation, to the right of the employee. In such case it is proper to deduct from the amount recovered counsel fees earned in the suit against the third party.

Subrogation is an equitable doctrine, and its basis is the doing of complete, essential and perfect justice between all parties without regard to form; its object is the prevention of injustice. The employer stands in the place of the employee, as respects the fruits of the action against the wrongdoer, to the extent of the compensation paid and payable by him. But the attorney, who prosecuted the action and secured the fund, is entitled to retain out of the money paid to him in satisfaction of the verdict, reasonable compensation for his services in the case, and reimbursement of his expense in connection therewith. The injured employee, as plaintiff in the action, is entitled to the balance remaining in the attorney's hands after such payment, and subrogation gives to his employer no higher right than the former possesses. It is only just that the necessary fees and expenses incurred in creating the fund should be first deducted out of the fund, rather than charged against the employee for the relief of the party primarily benefited by the action.

If it should appear, in any case, that unreasonable, exorbitant or collusive fees have been charged, to the resulting injury of either employer or employee, the court can protect the interests of the complaining party by a supervision of the matter and the allowance of a reasonable fee.

Argued April 20, 1925. Appeal, No. 34, April T., 1925, by Chicago Railway Equipment Company, from judgment of C. P. Beaver Co., March T., 1922, No. 62, in the case of Lester Wilson v. Pittsburgh Bridge & Iron Works, a corporation. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass for personal injuries. Before READER, J. The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $4,133.40. The Chicago Railway Equipment Company presented a petition to be subrogated to plaintiff's right in the verdict. The petition was granted after deducting from the verdict the costs and reasonable counsel fees incurred by plaintiff. Petitioner appealed.

*Error assigned* was the decree of the court.

*J. Roy Dickie,* of *Dickie, Kier & McCamey,* and with him *Dan H. Stone,* for appellant.—An employer is entitled to be subrogated to the whole verdict, if the compensation paid and for which it is liable equals or exceeds the amount of such verdict: Phelan v. Armstrong Cork Company, 29 D. R. 461; Lengle v. North Lebanon Township, 274 Pa. 51; Smith v. Swain et al., 8 Dep. Rep. 1467.

*Quincy D. Hastings,* and with him *Paul H. Baldwin,* for appellee.—Appellant waived its right to object to the court's order allowing counsel fees: Negley v. Lindsay, 67 Pa. 217; Avondale Marble Co. v. Wiggins, 12 Pa. Superior Ct. 577.

OPINION BY KELLER, J., July 9, 1925:

Lester Wilson, an employee of Chicago Railway Equipment Co., sustained injuries in the course of such employment, due to the negligence of Pittsburgh Bridge & Iron Works, resulting in permanent, total disability.

A compensation agreement was duly entered into between the employer and the employee under which the latter has received $1,267 by way of medical and hospital expenses and weekly compensation, and is entitled to further weekly payments of compensation not exceeding in all, $5,000.

Suit was brought by Wilson against the Pittsburgh Bridge & Iron Works to recover the damages occasioned

by its negligence, and a verdict of $4,133.40 obtained. Thereupon the employer, Chicago Railway Equipment Co., presented its petition to the Court of Common Pleas of Beaver County asking to be subrogated to the rights of the plaintiff in said action and the verdict obtained therein, to the extent of the compensation payable under said agreement. After a full hearing upon the rule the court allowed $1,250 fees to the attorneys who prosecuted the action and obtained the verdict; directed that $1,267 be paid the employer petitioner in reimbursement of the compensation, etc., paid; and awarded the balance $1,616.40 to the employee plaintiff to be treated as an advance payment by the employer on account of future installments of compensation. Chicago Railway Equipment Co., the employer, appealed on the ground that none of the verdict recovered should have been awarded the attorneys, but that the sum allowed them should also have been treated as an advance payment by the employer.

Appellant's claim to subrogation is based on section 319 of the Workmen's Compensation Act of 1915, P. L. 749. It provides: "Where a third person is liable to the employee or the dependents for the injury or death, the employer shall be subrogated to the right of the employee or the dependents against such third person, but only to the extent of the compensation payable under this article by the employer. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer on account of any future installments of compensation."

The statute does not say by whom the action against the negligent third person shall be brought. Considering the section as a whole it would seem that the right of action still remains in the injured employee and that suit must be brought in his name, the interest of the employer appearing either by his joinder as an additional

party plaintiff, (Gentile v. P. & R. Ry. Co., 274 Pa. 335), or as a use-plaintiff (Mayhugh v. Somerset Telephone Co., 265 Pa. 496; Stoughton, part for use, v. Gas Co., 165 Pa. 428), or by reference to his interest in the plaintiff's statement, as when a widow sues on behalf of herself and children for the damages sustained by the death of her husband. A failure to adopt any of these courses, however, does not prevent subrogation to the employer, in a proper case, out of the fund recovered, (Satterfield v. Wahlquist, 267 Pa. 378; Lengle v. N. Lebanon Twp., 274 Pa. 51, 54).

If the injured employee refuses to institute suit against the negligent third person, the employer paying or liable to him for compensation, may bring such action in the name of the employee, in the manner above referred to, and prosecute it for the interests of both, and any verdict and judgment recoverable thereunder must be distributed in accordance with the provisions of section 319 above quoted. It was such a situation, probably, that the legislature had specially in mind in its use of the last sentence of the section: "Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be *paid forthwith to* [not, received by] the employee," etc.

It is well known that such an action does not prosecute itself; that lawyers must be employed and paid; and the question naturally arises by whom are their fees and expenses to be paid. The only interest of the employee in the action is in case the verdict should exceed the compensation payable to him by the employer; it would seem unjust to make him pay the expenses of a successful suit out of his compensation, to the sole benefit of the employer; if the verdict did not exceed such compensation. The interest of the employer, on the other hand, is immediate reimbursement up to the amount of the compensation paid and relief from future payments, and unless the verdict is in excess of the compensation payable by him, he alone is benefited by

the recovery; just as in this case, every dollar of the net recovery goes to the employer, none to the injured employee. Subrogation is an equitable doctrine, and its basis is the doing of complete, essential and perfect justice between all parties without regard to form; its object is the prevention of injustice: 37 Cyc. 363, 364, 365. The employer stands in the place of the employee, as respects the fruits of the action against the wrongdoer, to the extent of the compensation paid and payable by him. But the attorney who prosecuted the action and secured the fund is entitled to retain out of the money paid to him in satisfaction of the verdict reasonable compensation for his services in the case and reimbursement of his expenses in connection therewith. The injured employee, as plaintiff in the action, is only entitled to the balance remaining in the attorney's hands after such payment, and subrogation gives to his employer no higher rights than the former possesses. It is only just that the necessary fees and expenses incurred in creating the fund should be first deducted out of the fund, rather than charged against the employee for the relief of the party primarily benefited by the action. Such deduction has been recognized as proper in cases of subrogation growing out of insurance contracts: Stoughton, for part use v. Gas Co., supra; Ætna Ins. Co. v. Confer, 158 Pa. 598.

Hence, we are of opinion in using the word "recovery" the legislature had in mind the net amount recovered in the action after payment of reasonable fees and necessary expenses to the attorneys producing the fund.

If it should appear, in any case, that unreasonable, exorbitant or collusive fees have been charged, to the resulting injury of either employer or employee, the court can protect the interests of the complaining party by a supervision of the matter and the allowance of a reasonable fee, as was done in this case. All parties, including the attorney instituting the action, are aware of the respective interests of employee and employer, and of

the power of the court to protect those interests if occasion arises.

In making this disposition of the appeal we have paid no attention to the assertion of the appellee, both in his brief and on oral argument,—and not denied by appellant—that appellant was asked to join in the action against the Pittsburgh Bridge & Iron Works and refused to have anything to do with the case, until after the verdict was recovered; because the record fails to disclose such fact—the evidence taken on the rule not being printed. If such is the fact, it only emphasizes the justice and equity of our ruling: Ætna Ins. Co. v. Confer, supra. The decisions of other states are of no help to us because of the wholly divergent provisions on the subject of their respective Workmen's Compensation Laws.

The assignment of error is overruled and the order is affirmed at the costs of the appellant.