## Filippini v. Richards-Kelly Company

*Herman & Harris*, for rule; *William T. Connor*, contra.

ALESSANDRONI, J., May 16, 1932.—A rule has been granted upon Guido Filippini and the Richards-Kelly Company, defendant, to show cause why the United States Fidelity and Guaranty Company should not have leave to intervene as party plaintiff. The petitioner shows that it issued to the Golder Construction Company a policy insuring the latter against claims for workmen's compensation; that said policy was in full force and effect and the plaintiff was injured in the course of his employment; that the petitioner has been paying compensation and will continue to make such payments for an indefinite period of time; that the instant case was brought by the plaintiff against the defendant to recover damages for injuries alleged to be caused by the negligence of the defendant; that under the terms of its policy the petitioner is subrogated to the rights of the Golder Construction Company, which company is, under the Compensation Act, subrogated to the rights of the plaintiff for reimbursement from the defendant for the full extent of all compensation paid to the plaintiff and for other proper expenditures. The petitioner seeks to be permitted to intervene in the present action as party plaintiff to protect its rights herein.

The plaintiff's answer admits the averments of fact set forth in the petition, but denies the right of the United States Fidelity and Guaranty Company to intervention as a party plaintiff, upon the ground that the rights of the company will be fully protected by an order made by this court upon the rendition of the verdict subrogating it to the amount of its claim; that the plaintiff is willing and ready to agree to any form of security or other assurances to the said company to save it harmless in the premises. The answer also sets forth that the plaintiff's suit must be brought in his name, and that if permission is given to the insurance company to intervene as a party plaintiff the rights of the plaintiff will be prejudiced. The petition and answer do not raise any question of law. The right of the petitioner to intervene as an additional party plaintiff or as a use-plaintiff is established by Wilson *v.* Pittsburgh Bridge and Iron Works, 85 Pa. Superior Ct. 537, citing the case of Gentile *v.* Phila. & Read-

138

ing Ry. Co., 274 Pa. 335, and Mayhugh *v.* Somerset Telephone Co., 265 Pa. 496. It would seem from the authorities, therefore, that the choice of the procedure to be followed in safeguarding the rights of the employer lies with the employer himself. No legal reason having been shown to the contrary limiting the employer to one of the prescribed methods, his choice must prevail. The effect. of the joinder of the petitioner as a party plaintiff at the trial of this cause is not for the court to pass upon. The rule, therefore, must be made absolute.

And now, to wit, May 16, 1932, the rule to show cause why the United States Fidelity and Guaranty Company shall not have leave to intervene as party plaintiff is made absolute.