Scalise v. F. M. Venzie & Co., Inc., et al.

*Alexander Schamban*, for plaintiff.

*White, Schnader, Maris & Clapp*, for petitioner.

GORDON, JR., J., May 19, 1932.—This is a rule by an insurance company to show cause why a judgment recovered by the widow of an employee against a third person, whose negligence caused the employee's death, should not be marked to the use of the company to the full extent of the compensation paid to the widow under the Workmen's Compensation Act. The question presented for our determination is whether in such case an employer's claim for subrogation in a recovery by an employee or his dependents is chargeable with a proportionate share of the counsel fee paid in the suit when the amount recovered, after deduction of the counsel fee, is in excess of the claim for subrogation.

The plaintiff's husband, an employee of Mino Squillace, was killed in the course of his employment by the negligence of F. M. Venzie & Co., Inc., an independent contractor. The petitioner, the Pennsylvania Manufacturers' Association Casualty Insurance Company, was the insurance carrier of the employer, and, on July 3, 1928, the petitioner entered into a compensation agreement with the plaintiff, under the terms of which she received $1565 as compensation for the death of her husband and for funeral expenses. On November 5, 1928, the plaintiff instituted this suit against Venzie & Co., the independent contractor, to recover damages for the death of her husband; and, on January 15, 1930, a verdict for $30,000 was rendered in her favor, upon which a judgment for $20,000 was entered and ultimately affirmed by the Supreme Court. Venzie & Co. then paid to the plaintiff the amount of the judgment less $1580, which the former's attorney was authorized to withhold

2

pending the determination of the right to it of the petitioner, the employer's insurance carrier. The petitioner thereupon obtained the rule now before us to show cause why the judgment should not be marked to its use to the extent of $1565, with interest, in accordance with section 319 of the Workmen's Compensation Act of June 2, 1915, P. L. 736.

The plaintiff's answer to the petition for the rule admits the foregoing facts and that the petitioner is entitled to subrogation, under the Workmen's Compensation Act, to the extent of the compensation paid. It avers, however, that, in order to recover the judgment, the plaintiff was compelled to expend $8970.11 for counsel fees and expenses, and asks "for an allowance of counsel fee and expenses to be paid out of the sum withheld for the use of" the petitioner. The plaintiff's contention at the argument was that the allowance asked for should bear that proportion to her counsel fees and expenses which the petitioner's claim for subrogation bears to the total recovery in the case. In other words, the plaintiff contends that the petitioner's share of the fund in which it is to participate should bear its proportionate burden of the expenses, including a reasonable counsel fee, which were necessary to bring the entire fund into existence.

Section 319 of the Workmen's Compensation Act provides:

"Where a third person is liable to the employe or the dependents for the injury or death, the employer shall be subrogated to the right of the employe or the dependents against such third person, but only to the extent of the compensation payable under this article by the employer. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe or to the dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation." Reading this section as a whole, and bearing in mind the theory and purpose of workmen's compensation, there can be no doubt of the legislative intent to relieve an employer from the burden of paying compensation whenever the employee or his dependents actually receive equivalent compensation from those whose negligence caused the injury or death. An employer's liability under the Workmen's Compensation Act is not grounded upon culpable negligence, and exists regardless of the cause of the injury It arises out of considerations of industrial economics, and is basically a species of industrial insurance. When, therefore, the wrongful act of a third person causes a loss to an employer in the form of compensation paid to his employee, it is but equitable that the former should be permitted to recoup himself from the third person, so long as he does not do so at the expense of the employee. Hence the act subrogates the employer to the rights of the employee to the extent of the compensation actually paid, and requires all of the recovery in excess of the employer's reimbursement to be paid to the employee on account of compensation not yet paid. While the receipt of full compensation by the employee is the first concern of the act, it would be as manifestly unjust to permit him to have both compensation under the liability act and recovery against the third person as to permit one to recover double damages for the same injury against joint tortfeasors. All the provisions of the act indicate a contrary intendment. If, therefore, the recovery from the third person, which has been held in the case of Wilson v. Pittsburgh B. & I. Works, 85 Pa. Superior Ct. 537, to be the amount of the verdict against him, less necessary expenses and counsel fees, is in excess of the compensation paid or payable by the employer, the latter has the first claim upon it, and the employee is not entitled to receive anything until the employer's claim has been satisfied in full. To require him to contribute to the counsel

fee and expenses would, pro tanto, deprive the employer of reimbursement for his payments, and to that extent would give the employee more than he would have received had he not been entitled to compensation under the act. For example, had there been no compensation payable in this case, the employee's recovery would have been in round figures $11,000. He has already received $1565 from his employer, and, if this amount is repaid in full to the employer, the employee will ultimately receive $11,000, the exact amount of his recovery against the third person; represented by $9435 of the recovery, and $1565 advanced by the employer. If, however, any sum on account of counsel fee and expenses is charged against the employer's claim for subrogation and retained by the employee, the latter will receive more and the former less, by that amount, than they are respectively entitled to.

The case of Wilson v. Pittsburgh B. & I. Works, referred to above, which was cited by counsel for the plaintiff as authority for her claim for contribution by the employer to the expenses of the suit, does not rule the question before us. There the entire verdict was insufficient to reimburse the employer for the amount of compensation for which he was liable, and it was held that counsel fees were deductible from the fund before the employer could begin to participate in it. This was because to have held otherwise would in effect have compelled the employee to pay the expenses of the suit, from which he derived no benefits, out of his compensation, and thus the primary purpose of the act would have been defeated. The fund in which the employer was entitled to be subrogated was, therefore, held to be the net and not the gross recovery. The situation is different, however, when, as in the case before us, the net recovery is more than enough to fully reimburse the employer. In such a case we think that considerations both of equity and of statutory interpretation do not permit any part of the expenses of the suit in which the fund is created to be charged against the employer's claim for subrogation.

The only other decision in Pennsylvania upon this question which has been called to our attention is that of Mensch v. Payne, 5 Northumb. L. J. 413. There the net recovery was in excess of the compensation payable, and the court charged a proportion of the counsel fee against the employer's claim. The opinion of the court in that case, however, does not discuss the question, and, as we are without the benefit of the reasons for the court's action, we do not feel constrained to follow it as a precedent, especially as it is not in accord with the views we have expressed above. As was said by the Superior Court in the Pittsburgh B. & I. Works case: "The decisions of other states are of no help to us because of the wholly divergent provisions on the subject of their respective workmen's compensation laws." It may be of interest to note, however, that in Georgia, where the provisions of the workmen's compensation law are similar to ours, it was held, in the case of Branch & Howard v. Georgia Casualty Co., 39 Ga. App. 319, 147 S. E. 144, that the employer was entitled to reimbursement in full for compensation paid to the employee, without deductions on account of the counsel fee and expenses of the employee in maintaining the suit against the third person. To the same effect, also, is Barrett v. Indemnity Ins. Co., 152 Md. 253.

We, therefore, conclude that the petitioner, the insurance carrier of the employer of the plaintiff's decedent, is entitled to be subrogated in the verdict and judgment against the defendant to the extent of $1565, the full amount of the compensation paid by it. With respect to interest, we are of opinion that the petitioner should receive the interest which that part of the judgment to which it is entitled bore from the date of the verdict to that on which

4

the judgment was paid and marked satisfied. We do not think it is necessary, however, to make any order respecting the interest, since this would follow the principal.

Accordingly, the rule of the Pennsylvania Manufacturers' Association Casualty Insurance Company, the petitioner, to mark the judgment to its use in the sum of $1565 is made absolute.