Kelly *v.* Ochiltree Electric Company et al., Appellants.

266

Argued April 26, 1940.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*James J. Burns, Jr.,* with him *Gustav M. Berg* and *Moorhead & Marshall,* for appellants.

*Lawrence M. Sebring,* for appellee.

Opinion by Keller, P. J., June 24, 1940:

This appeal grows out of the accident which was considered by us in the workmen's compensation case of *Kelly v. Ochiltree Electric Co. et al.*, 125 Pa. Superior Ct. 161, 190 A. 166, and is specially concerned with the subrogation provisions in favor of the employer contained in section 319 of the Workmen's Compensation Act, as respects any right of action of the injured employee, or of his dependents in case of his death, against a third person liable for the injury or death. The section is given in the margin.[1]

Cameron W. Kelly, an employee of Ochiltree Electric Company, was killed near Jacksonville, Florida, on January 24, 1935, in a collision between the automobile in which he was riding, owned and driven by R. W. Foster, and a truck, in circumstances entitling his dependents to compensation under the Workmen's Compensation Act. He left a widow, Ida E. Kelly, and two daughters, Elizabeth Iris, born January 22, 1924, and Patricia Jean, born June 2, 1928. An award of the Workmen's Compensation Board in their favor was affirmed by the Court of Common Pleas of Beaver County and the judgment entered thereon was affirmed by this Court on January 29, 1937; see 125 Pa. Superior Ct. 161, 190 A. 166.

In the meantime the widow brought an action of tres-

---

[1] "Section 319. Where a third person is liable to the employee or the dependents for the injury or death, the employer shall be subrogated to the right of the employee or the dependents against such third person, *less reasonable attorney's fees and other proper disbursements,* but only to the extent of the compensation payable under this article by the employer. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation." Act of June 2, 1915, P. L. 736, as amended by Act of June 4, 1937, P. L. 1552. The italics show the amendment.

pass in the Court of Common Pleas of Allegheny County, against said R. W. Foster, to 2073 July Term, 1935, to recover the damages sustained by her because of her husband's death as a result of Foster's negligence. The action was brought pursuant to the Florida statutes covering claims for death caused by the negligence of another,[2] and properly so: *Sumner et ux. v. Brown, Exrx.,* 312 Pa. 124, 167 A. 315; *Rosenzweig, Admx. v. Heller,* 302 Pa. 279, 153 A. 346; *Smith, Admr. v. Penna. R. R.,* 304 Pa. 294, 156 A. 89. Under the Florida statutes the action must be brought by the widow of the man killed, if he left a widow surviving. Differing from our Pennsylvania statutes,[3] the minor children of the dead person are given no interest in any amount recovered in the action of the surviving widow. Their only benefit is derived indirectly from the probability that she will be better able to meet the responsibility resting on her of maintaining and educating them. Not only does the Florida statute contain no provision such as is present in our law—that the amount recovered shall go to the widow and children in the proportion they would take the deceased's personal estate in case of intestacy, without liability to creditors—, but it expressly provides that "in every such action the jury shall give such damages as the *party* ...... *entitled to sue* may have sustained by reason of the death of the party killed."

Following the bringing of said action, these appellants, Ochiltree Electric Company and its insurance

---

[2] Chapter 3439, sec. 1, of the Act of Florida Legislature of 1883, as amended by Chapter 6913 of the Laws of Florida of 1915 (Section 7047 of the Compiled General Laws of Florida, 1927); and Chapter 3439, sec. 2, of the Act of 1883 aforesaid, as amended by Chapter 5648 of the Laws of Florida of 1907 (Section 7048 of the Compiled General Laws of Florida, 1927).

[3] Acts of April 15, 1851, P. L. 669, and April 26, 1855, P. L. 309, as amended, June 7, 1911, P. L. 678, and April 1, 1937, P. L. 196.

carrier, Employers' Liability Assurance Corporation, Ltd., filed their petition for subrogation under section 319 of the Workmen's Compensation Act as amended.

The action resulted in a verdict and judgment in favor of the widow plaintiff for $15,386. The judgment was subsequently transferred to Beaver County, Pennsylvania, where a writ of attachment was issued (114 March Term, 1937) summoning the American Surety Company of New York as garnishee. This attachment was compromised during the trial of that issue for $12,000, which was paid. Consent to this compromise was given by appellants, as shown by an agreement dated April 14, 1937, entered into between counsel for Ida E. Kelly, counsel for Ochiltree Electric Company, counsel for Employers' Liability Assurance Corporation, Ltd. and counsel for American Surety Company of New York. No guardian, ad litem or otherwise, had been appointed for Elizabeth Iris Kelly or Patricia Jean Kelly, and they were not represented on the trial or in the settlement.

Up to the time of her receiving this compromise settlement, Mrs. Kelly had been paid by Employers' Liability Assurance Corporation, the insurance carrier, $1596 for compensation and $150 funeral expenses, or a total of $1746. In the agreement of April 14, 1937 before mentioned, counsel of record for Mrs. Kelly and counsel of record for the appellants agreed (1) that the Employers' Liability Assurance Corporation, Ltd. would accept the sum of $1309.50 in full settlement of the sum of $1746 paid to Ida E. Kelly as compensation and funeral expenses; (2) that said insurance carrier should be credited for all future compensation payments due under said award to Ida E. Kelly, Elizabeth Iris Kelly and Patricia Jean Kelly, and (3) that all liability of the appellants to pay compensation under said award should cease.

Thereafter appellants filed their petition with the workmen's compensation board asking that the award

be terminated pursuant to section 319 aforesaid on the ground that the damages recovered from the third party, $12,000, greatly exceeded the total compensation payments awarded, $4990.07. After proceedings not necessary to be recited, the board granted the petition to terminate as to Mrs. Kelly, but denied it as to the awards to the children, on the ground that, under the Florida law, Mrs. Kelly alone was entitled to the amount recovered from the tort feasor. On appeal to the common pleas, the action of the board was sustained. The employer and its insurance carrier have appealed to this Court. The order will be affirmed.

The Florida statute [4] states in the clearest of language that the widow alone must bring the action, if she survives, and that she alone is entitled to damages, if she lives to the recovery of a final judgment; it also clearly provides that the rights of the minor children to damages do not arise unless the widow does not survive to bring the action and recover judgment. The children's rights are substitutionary and do not come into being if the widow survives, brings her action and recovers a judgment.

The Supreme Court of Florida in *Duval v. Hunt*, 34 Fla. 85, 15 So. 876, made this plain. It said, inter alia:

---

[4] "Section 7048. *By whom Brought: Survival of Action: Proviso.* Every such action shall be brought by and in the name of the widow or husband, as the case may be, and where there is neither widow nor husband surviving the deceased, then the minor child or children may maintain an action; and where there is neither widow nor husband, nor minor child or children, then the action may be maintained by any person or persons dependent on such person killed for support; and where there is neither of the above classes of persons to sue, then the action may be maintained by the executor or administrator, as the case may be, of the person killed. In case of the death of any person solely entitled, or of all the persons jointly entitled to sue, before action brought or before the recovery of a final judgment in an action brought by him or them, the right of action or the action as the case may be, shall survive to the person or persons next entitled

"...... if there is in existence a legal widow of the deceased, then she alone has the right of action, and no right of action vests in either minor children, dependents, or personal representatives; and, if there is neither husband nor widow, but a minor child, such minor child would alone have the right to recover, and dependents, as such, and personal representatives, would not have any right to recover ...... We are forced to conclude from this pointed omission of adults from the preferred class termed 'children' that the lawmaking power, in conferring the new right of action, kept in mind the rule of law that imposes upon parents the duty of supporting their children until they arrive at the age of 21 years." The court below correctly interpreted that decision and the case of *Escambia County Electric Light and Power Co. v. Sutherland*, 61 Fla. 167, 55 So. 83, when it said: "We think the admission of evidence as to the number, ages and dependence of minor children in an action by the surviving widow is not for the purpose of determining damages to which such children may be entitled, *but for the purpose of establishing the damages to which the widow alone may be entitled.* The Legislature of Florida, in enacting the statute, evidently had in mind

---

to sue under this section, and in case of the death of one or more persons jointly entitled to sue before action brought or before the recovery of a final judgment in an action brought by them, the right of action or the action, as the case may be, shall survive to the survivor of such persons so jointly entitled to sue; and in every such action the Jury shall give such damages as the party or parties entitled to sue may have sustained by reason of the death of the party killed: provided, that any person or persons to whom a right of action may survive under the provisions of this law shall recover damages as by law such person or persons are entitled in their own right to recover, irrespective of the damages recoverable by the person or persons whom he or they may succeed. (Ch. 3439, Acts 1883, Sec. 2; Ch. 5648, June 3, 1907, Sec. 1)."

that upon the death of the husband the widow succeeded to the responsibility of maintaining and educating minor children not otherwise provided for. The additional responsibility thus cast upon her was regarded as a proper element for consideration in determining the *damages sustained by her.*" [Italics supplied].

Counsel for appellants have misunderstood the import of those decisions. They definitely hold that, under the Florida law, if a man is killed by the wrongful act of another, leaving a wife and minor children, the right of action for damages is solely in the widow, and the minor children have no right or interest in the action brought by her or in any judgment obtained by her; that the only benefit which they may derive from it is that indirectly flowing to them as *her* children, for whose maintenance and education she is responsible. And, we may add, that benefit does not constitute a "right ...... against such third person", which is subject to subrogation in favor of the employer, or which may be treated as an advance payment by him on account of future instalments of compensation, under section 319 of our Workmen's Compensation Act.

We are in entire accord with the fifth finding and second conclusion of the board, as follows:

"Fifth [Finding]: The Board is of the opinion and finds as a fact that under the laws of the State of Florida the cause of action for damages for negligence resulting in the decedent's death arose exclusively in favor of the claimant widow and that no rights vested in the dependent minor children of the decedent because of the decedent's death, and any sums of money recovered as damages for the decedent's death belong exclusively to the claimant widow and she was not accountable for any portion of that sum to the dependent minor children of the decedent."

"Second [Conclusion]: The Board concludes as a matter of law that since no rights vested in the de-

cedent's dependent children under the Statutes of the State of Florida creating the cause of action under which damages were recovered by the claimant widow for the death of the decedent, there are no rights existing in the dependent minor children of the decedent to which the defendant may claim subrogation; and, therefore, the defendant is not entitled to terminate the existing compensation award which has been entered in judgment so far as the decedent's minor children's share of the award is concerned."

(2) Nor are the minor children estopped or affected by the agreement of April 14, 1937, aforesaid.

In the first place, they were not represented by a guardian and were not parties to it nor bound by it: *Brown v. Downing*, 137 Pa. 569, 20 A. 871: *Ohlweiler v. Ohlweiler*, 72 Pa. Superior Ct. 518; *Hamilton v. Moore*, 335 Pa. 433, 6 A. 2d 787. A guardian has now been appointed for the minor children and has appeared as appellee in this case and is contesting the reversal of the order of the court below.

Then, in addition, the agreement was not signed by Ida E. Kelly, but by her counsel of record, and their employment by her gave counsel no right or authority to act for or bind the minor children. We are not called upon to decide whether the fact that they were counsel of record for Mrs. Kelly in the action against Foster gave them any authority to bind her as respects the subrogation provisions in the agreement.

Our conclusion is in harmony with the decision of the Supreme Court of this State in *Satterfield v. Wahlquist*, 267 Pa. 378, 111 A. 253, and of this court in *Molz v. Hansell*, 115 Pa. Superior Ct. 338, 175 A. 880.

In the former case a widow signed a compensation agreement by which she agreed to accept $6545.17 from her husband's employer as compensation for herself and her minor children for the death of her husband. Subsequently she brought an action against a third party

to recover damages for the negligent death of her husband, which was discontinued upon payment to her of $3500. The employer then filed a petition with the workmen's compensation board asking for the termination of the compensation agreement. The board made an order modifying the agreement by treating the sum paid by the third party as an advance payment. On appeal to the common pleas, that court, in an opinion approved by the Supreme Court, said: "Rights of subrogation under the compensation act do not relate to the award or agreement of compensation. They relate rather to the rights as between the employer and the one who caused the injury ...... We are interested only in the compensation agreement. The rights of the children, unless changed by death, are fixed by that agreement and *cannot be affected by any action of the mother.* So far as she is concerned, the compensation board has modified the agreement and their action in that respect cannot be changed by this court." (Italics supplied).

In *Molz v. Hansell,* supra, an employee was killed in the course of his employment in such circumstances as to make a third person liable in damages. He left a legitimate daughter and two illegitimate children who were living with him in his household, along with their mother, and who were entitled to compensation under section 307(9). The negligent third person paid the mother of the illegitimate children $4000, thinking her the legal wife of the deceased employee—as she supposed herself to be. Subsequently the legitimate daughter filed a bill in equity to require this $4000 to be paid to her. It was dismissed without prejudice to the rights of the parties so far as compensation was concerned, on payment of $2000 to the legitimate daughter. Compensation in the sum of $1670 was awarded the legitimate daughter, and in the amount of $4902.68 on behalf of the illegitimate children. At the same time the board authorized the employer to deduct

the full amount of $1670, by way of subrogation, from the award to the legitimate daughter, and $2330 from the awards in behalf of the illegitimate children. On appeal to the common pleas that court sustained the exceptions as respects the subrogation awarded the employer on behalf of the illegitimate children, and entered judgment against the employer for the full amount of the award to them. This court affirmed, saying: "We think the judgment was right. The illegitimate children had no legal claim against Manley for damages because of the death of their father, the employee. The sole right of action under the law was in the legitimate daughter, Virginia Nancy Flinn. Had the entire $4000 paid in settlement been received by her, the subrogation allowable to the defendant employer would have been in exactly the same amount as was allowed against Virginia Nancy Flinn in this proceeding, viz., $1670. The Workmen's Compensation Law gave to the illegitimate children, who were dependent upon the employee, Flinn, by reason of the fact that he stood toward them in loco parentis, a right to compensation. This right was not affected by the fact that Virginia Nancy Flinn, in the settlement of her equity suit, agreed that the illegitimate children should retain $2000 of the damages legally coming to her. Under the law the illegitimate children were entitled to no part of these damages. A payment to them of a portion of it did not change the rights or liabilities of the employer or its insurance carrier. The subrogation rights of the latter were not increased by the fact that Virginia Nancy Flinn, in the settlement of her equity suit, chose to divide the damages legally payable to her with the illegitimate children of her father."

The assignments of error are overruled and the order of the court below, as amended, is affirmed.