## Crider v. Hock

*Edwin D. Strite*, for plaintiff.

*John McD. Sharpe*, for defendant.

WINGERD, P. J., February 3, 1950.—Plaintiff sued defendant in trespass for personal injuries caused by defendant, in that defendant's automobile, while he was driving, ran into plaintiff. Plaintiff is a borough policeman of the Borough of Chambersburg, Franklin County, Pa. The accident occurred while plaintiff was directing traffic in his capacity as a borough policeman. The borough carried compensation insurance with the Employers Liability Assurance Corp., Ltd., and plaintiff was paid compensation insurance in the amount of $226.41, being $109.25 medical and hospital expenses and $117.16 weekly compensation payments. Plaintiff recovered from defendant in a trial before a jury the sum of $525, for which judgment is entered. The Employers Liability Assurance Corp., Ltd., notified defendant by letter of January 26, 1948, that it intended to enforce its right of subrogation as provided by section 319 of the Workman's Compensation Act of Pennsylvania. Judgment was entered on the verdict on December 10, 1948. Defendant's insurance carrier issued a check, on December 29, 1948, for the amount of the judgment, payable to plaintiff and the Employers Liability Assurance Corp., Ltd. The check was refused by plaintiff's counsel on the ground that it bore the name of the Employers Liability Assurance Corp., Ltd., as one of the payees. Defendant's insurance carrier then paid the costs of record and presented its petition to the court for a rule to show cause why the amount of the judgment, $525, should not be paid into court and an order thereupon made by the court directing that the prothonotary mark the judgment satisfied. An answer was filed by plaintiff denying the right of the Employers Liability Assurance Corp., Ltd., to sub-

rogation, on the ground that it had never notified plaintiff of its intention to claim subrogation and, for that reason, plaintiff had accepted what he considers an inadequate verdict, whereas if he had known of the intention of the insurance company to insist on its right of subrogation he would have moved for a new trial on the ground of inadequacy of the verdict, and insisting that the whole amount of the verdict be paid to him as plaintiff.

Article VI, sec. 319 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, 77 PS §671, as last amended by the Act of May 18, 1945, P. L. 671, provides as follows:

"Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employee, his personal representative, his estate or his dependents, against such third party for the balance of any sum recovered in litigation, or paid in compromise settlement, after subtraction of reasonable attorney's fees and other proper disbursements, but only to the extent of the compensation payable under this Article by the employer. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer on account of any future installments of compensation."

If the Employers Liability Assurance Corp., Ltd., representing the employer is entitled to subrogation, that is, to share in the judgment entered against defendant in favor of plaintiff, then defendant not being informed of what expenses, such as attorney's fees and etc., may properly be deducted and what amount in the final analysis will be payable to the Employers Liability Assurance Corp., Ltd., should be allowed to pay the amount of the judgment into court so that the judgment

against him can be settled and the record cleared. This seems to be the proper procedure under such circumstances: Smith v. Yellow Cab Co., 288 Pa. 85, 90; Cooper et ux. v. Gettier, 27 D. & C. 429, 431.

The question, therefore, before the court is whether the insurance carrier of the employer is subrogated to the judgment obtained in the suit by the employe against the third person who caused the compensable injury by his act or omission. The rights of the employer and its insurance carrier as to subrogation in compensation cases are identical: Lengle et al. v. North Lebanon Township, 274 Pa. 51, 54. There is no doubt that the employer's insurance carrier is subrogated to the right of the employe and may permit the employe to sue and recover a judgment against the third person and then be subrogated to that judgment: Mayhugh v. Somerset Telephone Co., 265 Pa. 496; Cooper et ux. v. Gettier, supra. A consideration of section 319 of the Workmen's Compensation Law brings one to the conclusion that not only is the employer given the right of subrogation "but *is* 'subrogated' to the extent of the compensation paid: . . .": Smith v. Yellow Cab Co., supra, p. 89.

We must next consider the contention of plaintiff that the insurance carrier of the employer has waived or lost its right to be subrogated to the employe's rights in this case because it at no time, either before or during the trial or prior to plaintiff's reduction of the verdict to judgment, gave any notice either oral or written to plaintiff or his counsel that it had asserted or intended to assert any right of subrogation, and further that it never has and does not now appear as a party to this proceeding.

In the instant case the insurance carrier gave written notice to defendant, the third party, by whose act or omission the compensable injury to the employe was negligently caused, that it claimed subrogation to the

extent of the payments made by it to the employe. Under these circumstances defendant was put on notice that any payments, made by him either in settlement or in payment of a judgment obtained against him, which did not recognize the claim of the insurance carrier, would be made at his own risk. In fact if defendant made a payment after having knowledge of the facts he might very well be subjected to two recoveries as the result of his neglect in not fully recognizing the subrogation rights of the insurance carrier. It is true that where an employer claims to be subrogated he must show that defendant, the wrong doer, had knowledge or notice of the employer's right to subrogation. An explicit written notice to defendant, which was received by him, certainly was sufficient to put him on notice and to make him liable to the employer, if he failed to protect the employer's claim when settling with employe or paying the judgment recovered by the employe against him. Such a notice seems all that is necessary to preserve the employer's right. It is not necessary for the employer to intervene in the action of the employe against a third person unless it wishes to: Mayhugh v. Somerset Telephone Co., supra; Wilson v. Pittsburgh B. & I. Works, 85 Pa. Superior Ct. 537, 542.

There was no obligation on the insurance carrier to give notice to the employe that it did not intend to waive its right to subrogation and intended to assert that right and participate in any verdict recovered by the employe. "Under the act, the employer or insurance company has the right to be subrogated in any verdict recovered for the amount to be paid by virtue of the compensation agreement or order of the board": Lengle et al. v. North Lebanon Township, supra. The right of subrogation having been given by statute, plaintiff, when he instituted his action against defendant in the instant case, knew or should have known that his employer (or its insurance carrier) was entitled to subro-

gation in any verdict he recovered. As was stated in Wilson v. Pittsburgh B. & I. Works, 85 Pa. Superior Ct. 537, supra, "All parties, including the attorney instituting the action, are aware of the respective interests of employee and employer, and the power of the court to protect those interests if occasion arises". Anything which the employe decided to do in reference to his verdict against defendant was done with full awareness of the rights of the employer and its insurance carrier and he cannot claim now that he would have acted differently if he had had notice from the employer that it intended to enforce its right of subrogation. No notice was necessary as he was bound to know of the employer's rights and was given no reason to believe that it intended in any way to waive them.

Defendant (the wrong doer) having had notice of the employer's intention to enforce its right of subrogation must in some way protect himself in reference thereto. He can protect himself in a number of ways, one of which is that he may ask leave to pay the amount of the judgment recovered against him into the court and "for the claimants thereto to interplead": Smith v. Yellow Cab Co., supra. This is what he has, in effect, done and we see no reason why his request should be denied. Furthermore, when the amount of the judgment is paid into the court it should be satisfied as the costs have been paid.

Now, February 3, 1950, rule is made absolute, the amount of judgment no. 109, April term, 1948, in the Court of Common Pleas of Franklin County, Pa., is allowed to be paid into court; upon such payment into court the prothonotary is directed to mark the judgment satisfied upon payment of costs, and a rule is directed to be issued forthwith upon D. Russell Crider, and the Employers Liability Assurance Corp., Ltd., claimants of the proceeds of said judgment, to interplead within 20 days from service of this rule.