## States v. The Atlantic Refining Company

*Robert C. Duffy*, for intervening plaintiffs.

*William J. Taylor*, for defendant.

*Walter W. Rabin, Harry Lore*, and *Maxwell J. Winderman*, for attaching creditors.

KELLEY, J., March 6, 1962.—The question presented by this case is whether the court should sustain the preliminary objections of intervening plaintiffs, insurance companies, to the statements of claim filed by the interpleaded claimants. A brief recitation of the facts is as follows:

The original plaintiffs instituted a complaint in trespass against defendant, Atlantic Refining Com-

pany, on June 30, 1950, a cause of action having arisen by virtue of a fire occurring on September 8, 1949. The damaged property was insured with the intervening plaintiffs, the insurance companies. In 1950, the insurance companies paid the original plaintiff in excess of the sum of $35,000 for the losses sustained by the fire.

On April 1, 1955, the trial court found in the original plaintiff's favor against Atlantic Refining Company in the total of $15,398.33. Exceptions to the finding were filed by both sides and both were subsequently withdrawn.

On April 28, 1955, defendant, Atlantic Refining Company, was summoned as a garnishee in attachment execution by claimants, Sol and Rose Feinstone, upon a judgment secured by them in Common Pleas Court No. 4, March term, 1955, no. 6347, against the original plaintiffs.

On September 13, 1960, a petition for leave to intervene as party plaintiffs in the trespass action was filed by the insurance companies, which petition was granted on December 8, 1960. On April 4, 1961, judgment in favor of intervening plaintiffs was entered on the finding in the trespass action against the Atlantic Refining Company.

On June 1, 1961, the Atlantic Refining Company filed a petition for interpleader, alleging that various parties had made demand upon it for the proceeds of the judgment. In an opinion filed on August 4, 1961, the court granted the petition to interplead. Reargument was heard on the petition on September 27, 1961, and we affirmed our previous decision in an opinion filed on October 25, 1961. In accordance with this opinion, several parties filed statements of claim, namely, Sol and Rose Feinstone, the Bank of Old York Road and Tony Baker. The intervening insurance companies then filed preliminary objections to the

claims. We will discuss with particularity only the claim of Sol and Rose Feinstone, since all of the claims are of a similar nature and will succeed or fail together.

We agree with the intervening plaintiff insurance companies that they have superior rights to this judgment under the doctrine of subrogation: Act of July 19, 1951, P. L. 1100, sec. 19, 40 PS §657. Counsel for Sol and Rose Feinstone contend that the lien of their judgment attached as of April 28, 1955, the date that Atlantic Refining Company was served with claimants' attachment: Sniderman v. Nerone, 136 Pa. Superior Ct. 381, affirmed per curiam 336 Pa. 305. Even if the lien attached to the judgment on April 28, 1955, still the intervening insurance companies must prevail. The insurance companies paid the claims of the original plaintiffs in 1950, and their rights as subrogees inured as of the time of such payment. The fact that the insurance companies did not intervene in the trespass suit until after the attachment execution of the Feinstones is immaterial.

The Sniderman case, supra, cited by claimant, is distinguishable from the instant case because there the question before the court was the priority between creditors of plaintiff in the trespass suit. Here, the question is the priority between the attaching creditors and the subrogee insurance companies.

This is not a case where the amount paid by the insurance companies to the original plaintiffs is less than the amount of the judgment. Under such circumstances, it might well be that the attaching creditors would prevail to the extent that the judgment exceeded the amount paid. Here, the judgment is considerably less than the amount paid by the insurance companies, and we believe that they should be subrogated to the extent of the entire amount of the judgment.

Counsel for the claimants contend that the right of subrogation is not absolute but is founded upon equitable principles: Roberts v. Firemen's Insurance Company of Newark, New Jersey, 376 Pa. 99. Such contention cannot help the claimants here, because the equities are with the intervening insurance companies. They have paid the original plaintiffs over $35,000 for the loss caused by the fire and merely seek to be subrogated to the extent of approximately $15,000. Certainly, under such facts, the creditors of the original plaintiffs have not been injured. The insurance companies have given more than they seek to recover.

Counsel for the claimants contend that there is no right of subrogation where the sum of money received by the insured from the insurance company as compensation for his loss, plus the amount of the verdict in the suit against the third-party tortfeasor, is less than the amount of the actual loss suffered by the insured. This principle of law is not applicable to the case at bar. The cases cited by counsel are distinguishable because they were suits instituted by the insurance companies to recover money that they had previously paid to the insured as compensation for the loss sustained. In addition, there is nothing in the record to show that the actual loss sustained by the insured was greater than the sum of money paid to him by the insurance companies plus the amount of the verdict rendered in the trespass suit: W. R. Stoughton v. Manufacturers' Natural Gas Co., 165 Pa. 428.

Accordingly, the preliminary objections of the intervening plaintiff insurance companies are sustained, and the Atlantic Refining Company is directed to pay the sum of $15,398.33 to the intervening plaintiffs, to wit, the Commonwealth Mutual Fire Insurance Company, Pennsylvania Threshermen and Farmers Mutual Fire Insurance Company, Washington Insurance Company, Standard Fire Insurance Company, Reli-

ance Insurance Company and American Aviation Company, in full payment of this judgment upon receipt of order to satisfy said judgment, and, furthermore, all interpleaded claimants are barred from asserting any claim set forth in the petition for interpleader against the Atlantic Refining Company.