Haley to Use, Appellant, *v.* Matthews.

Argued October 14, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Frederick H. Spotts,* and with him *Pepper, Bodine, Stokes and Schoch,* for appellant.

*George Gowen Parry,* and with him *Wayland H. Elsbree* of *White, Parry, Schnader and Maris,* for appellee.

Opinion by Baldrige, J., January 28, 1932:

This appeal is from a judgment in an action of trespass. The facts were agreed upon and submitted to the court below in the form of a case stated.

The question presented is whether an employer, who claims the right of subrogation against the one who caused the injury to the employee, may recover the sums expended for medical and hospital bills. The answer depends upon the meaning of the word "compensation" as found in section 319 of the Workmen's Compensation Act of June 2, 1915, P. L. 736 (77 P. S. sec. 671), which defines the subrogation rights of the employer as follows: "Where a third person is liable to the employee or the dependents for the injury or death, the employer shall be subrogated to the right of the employee or the dependents against such third person, but only to the extent of the compensation payable under this article by the employer. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be

paid forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation."

The learned trial judge, in holding that compensation did not include hospital and medical expenses, relied principally upon the decision in Paolis v. Tower Hill Connellsville Coke Co., 265 Pa. 291. The Supreme Court there was considering section 315, which provides that all claims for compensation shall be forever barred, unless a petition is filed within one year from the date of the accident. The plaintiff was injured in the course of his employment on January 4, 1917, and went to a hospital and received treatment. On February 17, 1917, the defendant's insurance carrier paid the hospital for its services, as required by another section of the Workmen's Compensation Act. The claimant did not file his petition for compensation until February 1, 1918. It was held that as the petition for compensation was not filed until more than a year after the accident, petitioner could not recover, although payments were made for "surgical, medical and hospital services, medicines and supplies" within the year. They are not "payments of compensation" within the purview of section 315. The question of whether or not medical expenses may be included as compensation under paragraph 319 was not involved in that case and, in our judgment, the opinion does not so decide. In this connection, it is well to note what Chief Justice MARSHALL said in Cohens v. Virginia, 6 Wheaton 264, 399, "It is a maxim, not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision." See also Frick's

Est., 277 Pa. 242, 252; Hill v. Houpt, 292 Pa. 339, 342; Welsch v. Pgh. Term. Coal Corp., 303 Pa. 405, 408.

We do not concur with the position taken by the learned court below that throughout the act "compensation" means one thing and "medical services" another. The word "compensation" appears very frequently in article III. It is used, in our judgment, both in its limited sense—contemplating the loss of wages only, and in the more comprehensive sense—including medical and hospital expenses. By way of illustration, section 308 provides that all compensation payable under this article shall be payable in periodical installments. Again, section 316 provides that the compensation provided by this article may at any time be commuted by the board. Commutation of periodical payments is not applicable to medical and hospital expenses. In those sections, as well as in section 315, "compensation" is used in its limited sense. On the other hand, in some connections it has a broader meaning. Section 305 provides that every employer liable under this act to pay compensation shall insure the payment of compensation in the State Workmen's Compensation Fund or in some insurance company. If "compensation" there does not mean medical and hospital expenses, it follows that insurance carriers are not required to pay for those services, although the employer is liable therefor. Obviously, this result was not contemplated. Section 306 (d) provides that no *compensation* shall be allowed for the first fourteen days after disability, except as provided in clause (e). Clause (e) relates to nothing but surgical, medical, and hospital services, medicines and supplies. "Compensation" would, therefore, seem to include such services.

The legislature evidently intended that where a third person is responsible for an injury to the employee, the employer, who has been subrogated to the

employee's right, is substituted, not to a portion of, but to all, his rights, until he is reimbursed for whatever sums he was required to pay the employee under the compensation act. There appears to be no sound reason why an employer should be obliged to pay medical and hospital expenses, when he is in no way responsible for the injury, and the wrongdoer escape the liability therefor. The wrongdoer would thus profit at the expense of the employer. In an action at law, the wrongdoer would undoubtedly be liable for medical and hospital expenses; they are proper elements of damages. We are dealing with an equitable doctrine. It rests on the principle that if one is compelled to pay money through another's neglect, a recovery may be had.

While no decisions have been quoted, and we have been unable to find any, that are directly in point, there are cases which throw some light on this controversy. For example, Smith v. Yellow Cab Co., 288 Pa. 85, which was an appeal from this court, wherein an employer instituted an action in the name of the employee against the wrongdoer. The Supreme Court allowed the employer to recover from the wrongdoer in the sum of $109.60—the sum paid by him under the provisions of the Workmen's Compensation Act. The record does not disclose how this sum was made up, but the appellant, in his paper book, stated that the statement of claim showed that it covered hospital and medical expenses. In the course of the opinion, Mr. Justice Simpson said, "A cursory consideration of that section (319) establishes (1) That the employer is not given a *right* of subrogation only, but *is* 'subrogated' to the extent of the compensation paid; (2) From the language used, it is fairly to be inferred that the employer may bring suit against the wrongdoer, and may retain, out of the recovery, the amount of compensation actually paid by him, and (3) Nothing is said

from which it can be inferred that a settlement with the employee will bar the claim of the employer to recover the amount thus paid. These conclusions control the present case." In Wilson v. Pgh. B. & I. Wks., 85 Pa. Superior Ct. 537, although the question before us was not an issue, it clearly appears from the opinion that the right of subrogation claimed and allowed to the extent of $1,267 included medical and hospital bills. In Scalise v. F. M. Venzie & Co., 301 Pa. 315, Mr. Justice KEPHART, in referring to Smith v. Yellow Cab Co., supra, said that what was decided there was "that section 319 subrogates the employer to *whatever* (italics are ours) sum he pays the employee or his dependents on account of any injury for which a third person is responsible."

The assignments of error are sustained and judgment is now directed to be entered for the appellant in the sum of $507.13, as of July 8, 1931, instead of $321.43—the amount of the judgment sustained by the learned court below.