## Patterson v. General Refractories Company et al.

*Robert B. Smith* and *J. Colvin Wright*, for claimant.

*R. C. Haberstroh*, for insurance carrier.

*Ralph H. Behney* and *Arthur F. Hirt*, for Commonwealth.

FETTERHOOF, P. J., twentieth judicial district, specially presiding, September 29, 1941.—

Myrtle Patterson, the claimant, is the widow of Leroy Patterson, who died March 30, 1938. The deceased was employed by the General Refractories Company beginning June 4, 1926, and worked from time to time until 1928, when he became regularly employed, and continued to work for said company until July 22, 1937. He was then granted a leave of absence until December 6, 1937, after which time he worked but four days dur-

ing 1937, and worked only one day, January 6, 1938, after the effective date of the Occupational Disease Compensation Act of July 2, 1937, P. L. 2714.

Claimant was awarded compensation by the referee and upon appeal to the Workmen's Compensation Board an opinion was handed down affirming the findings of fact and conclusions of law of the referee. This matter is now before us upon an appeal by defendant, its insurance carrier, and the Second Injury Reserve Fund of the Commonwealth of Pennsylvania.

The questions raised on this appeal are questions of law and relate to the construction of sections 5(b) and 7(a) of the Occupational Disease Compensation Act of July 2, 1937, P. L. 2714, 77 PS §1101 et seq.

Judge Keller, President Judge of the Superior Court, in the case of Rando v. State Workmen's Insurance Fund et al., 145 Pa. Superior Ct. 386, on July 18, 1941, speaking for said court in a very able and exhaustive opinion, construing the provisions under consideration, stated it is "clear beyond question that the compensation payable to an employe who was totally disabled by reason of silicosis, anthraco-silicosis or asbestosis should not exceed $3,600, whether payable solely by the employer or jointly by the employer and the Commonwealth out of the Occupational Disease Fund therein created."

It is further contended that the funeral expenses in the sum of $200 should be paid as follows: Nine tenths by the Second Injury Reserve Account, and one tenth by the employer or insurer. The Act of June 4, 1937, P. L. 1552, sec. 1, 77 PS §561, provides:

"In case of death, compensation shall be computed on the following basis, and distributed to the following persons: . . ." who are so enumerated in the act.

Paragraph 7 provides:

"Whether or not there be dependents as aforesaid, the reasonable expense of burial, not exceeding two

hundred dollars, which shall be paid by the employer or insurer directly to the undertaker (without deduction of any amounts theretofore paid for compensation or for medical expenses)."

The case of Haley, to use, v. Matthews, 104 Pa. Superior Ct. 313, has been cited for the principle that the word "compensation" in the act, insofar as subrogation is concerned, contemplates medical and hospital expenses. Appellant here argues by the same reasoning it should include funeral expenses and costs. The Workmen's Compensation Board, in its opinion, held burial expenses are payable direct to the undertaker, "without deduction of any amount theretofore paid for compensation or for medical expenses." "It would seem therefore, that in this paragraph of section 307 the legislature makes three categories, funeral expenses, compensation and medical expenses, and intends that there shall be a distinction between them, and that funeral expenses and compensation are not used as interchangeable terms."

However, later the Supreme Court affirmed the Superior Court in the case of Staller v. Staller, 343 Pa. 86, in which it held that "compensation" within the provisions of the Occupational Disease Compensation Act includes compensation for medical and hospital services. In this case the court points out that compensation is used in some instances in its limited sense, while in others it has a broader meaning, and must be liberally construed as a part of the workmen's compensation humane legislation.

The question before us is as to the construction to be placed upon the word "compensation". We believe in the light of the discussion in the opinion of the court in the case of Staller v. Staller, supra, our construction should not be in a limited sense. The Occupational Disease Compensation Act provides that the provisions of The Workmen's Compensation Act shall be applicable, and in applying same to it The Workmen's Com-

pensation Act shall be construed as including "injury" and "personal injury" by accident, "occupational disease" and the resultant effects thereof, including death".

The Workmen's Compensation Act having provided that the employer or insurer shall pay reasonable expenses of burial not exceeding $200, which was supplemented by the Occupational Disease Compensation Act, and the legislature, to relieve the employer from the very heavy financial burden as imposed at once, directed that the Commonwealth should assume the first year of its enactment nine tenths of the liability, which should be reduced one tenth each year until the employer would assume the whole. We think, in the light of the apparent desire of the legislature to gradually put the provision of the act relative to payments into force, that in a liberal construction of the term compensation it should and does include funeral expenses, thereby apportioning the payment for such expenses between the Commonwealth of Pennsylvania and the employer.

By reason of the fact that the occupational disease present in this case, to wit, silicosis, is one which develops to a point of disablement only after an exposure of more than five years, to which exposure the deceased, Leroy Patterson, was subjected, and by reason of the fact that claimant's, to wit, Myrtle Patterson's, deceased husband died as a result of silicosis, she is entitled to recover compensation as provided for by the Occupational Disease Compensation Act, as follows, to wit:

Compensation is awarded claimant, Mrs. Myrtle Patterson, and against employer, the General Refractories Company, and its insurance carrier, the Pennsylvania Manufacturers' Association Casualty Insurance Company, and against the Second Injury Reserve Account of the State Workmen's Insurance Fund, as follows:

Mrs. Myrtle Patterson, for herself and Maxine Patterson, at the rate of 59 percent of $25.02, or the sum of $14.76 per week, from April 5, 1938, to December 7, 1942, a period of 243 6/7 weeks, in the amount of $3,600, that being the maximum amount allowed under the Occupational Disease Compensation Act.

It is further ordered, directed, and decreed that the General Refractories Company or its insurance carrier, to wit, Pennsylvania Manufacturers' Association Casualty Insurance Company, is liable for one tenth thereof, or a weekly payment of $1.476, and the Second Injury Reserve Account is liable for nine tenths thereof, or $13.284 per week.

That there shall be paid to the undertaker for burial expenses, or if claimant has paid same direct to her to reimburse her, the sum of $200, nine tenths of which, or $180, is decreed and ordered to be paid by Second Injury Reserve Fund and one tenth, or $20, to be paid by General Refractories Company, or its insurance carrier, Pennsylvania Manufacturers' Association Casualty Insurance Company.

It is further ordered, directed, and decreed that interest be paid as provided for by The Workmen's Compensation Act.