Myers, Appellant, v. Philadelphia Daily News.

562

Argued March 19, 1951. Before RHODES, P. J., HIRT, RENO, ROSS, ARNOLD and GUNTHER, JJ. (DITHRICH, J., absent).

*M. Robert Beckman,* for appellant.

*Paul H. Ferguson,* for appellees.

OPINION BY HIRT, J., April 10, 1951:

This appeal, raising a single question of law, is here on stipulated facts to this effect: Claimant's husband died from a compensable accidental injury suffered by him on April 19, 1948 in the course of his employment with defendant. An action at law brought by claimant against a third party tort-feasor, responsible for the injury, resulted in a compromise settlement; the net amount received by this claimant from the proceeds of the settlement was in excess of the total compensation payable to her by defendant under §307 of the Workmen's Compensation Act by the then applicable amendment of May 18, 1945, P. L. 671, 77 PS §561. Accordingly, by §319, 77 PS §671, of that amendment, the defendant was relieved from the payment of compensation, by subrogation to the right of claimant which she exercised in the trespass action

against the third party responsible for the injury. The burial expense was paid out of the fund raised by settlement of that action. The narrow issue, below, was whether the employer's right of subrogation to claimant's recovery in that proceeding extended to its liability for burial expense in the sum of $200 payable under §307(7) of the 1945 amendment, supra. It is appellant's contention that the payment of burial expense required of an employer is in addition to, but not a part of, compensation, as such, within the purview of the Act. The lower court affirmed the Board and its conclusion that "funeral expenses are comprehended within the meaning of the term 'compensation'" and accordingly held, as did the Board, that defendant is relieved from liability to reimburse claimant for the payment of any part of the burial expense. With this disposition of the issue we agree.

Since the question involves the construction of the Workmen's Compensation Act it may be noted at the outset that §307 of the 1945 amendment in referring to "compensation" payable "in case of death" provides in paragraph 7 for the payment by the employer of "the reasonable expense of burial, not exceeding two hundred dollars". In our view the present appeal in principle is ruled by *Haley to use v. Matthews*, 104 Pa. Superior Ct. 313, 158 A. 645. We there held that payments made for hospital and medical expenses under §306(e), 77 PS §531, are included in the payments of "compensation" prescribed by the Act on the view that the Act contemplated compensation in a comprehensive sense based not only on the mere loss of wages, but on hospital and medical expense incurred, as well. Accordingly, in holding that the employer in that case was entitled by subrogation to recover such payments from the third party wrongdoer responsible for the injury we formulated the appropriate rule of construction,

equally applicable here, in this language: "The legislature evidently intended that where a third person is responsible for an injury to the employee, the employer, who has been subrogated to the employee's right, is substituted, not to a portion of, but to all, his rights, until he is reimbursed for whatever sums he was required to pay the employee under the compensation act."

So also, in *Staller v. Staller,* 144 Pa. Superior Ct. 83, 18 A. 2d 537, (affirmed in 343 Pa. 86, 21 A. 2d 16) we similarly construed the Occupational Disease Compensation Act of July 2, 1937, P. L. 2714, 77 PS §1101 et seq., which in §3 makes the several provisions of the Workmen's Compensation Act applicable insofar as they are consistent with the terms of the Occupational Disease Act. Applying the rule of the Haley case we there held that medical and hospital services required to be furnished must be regarded as payments of compensation under §306(e) of the Workmen's Compensation Act which by reference became applicable in cases involving compensable disability from occupational disease. We came to the same conclusion also in *Shank v. Consolidation Coal Co.,* 161 Pa. Superior Ct. 304, 308, 54 A. 2d 289, in construing §306(f) of the then applicable Act of June 21, 1939, P. L. 520, amending the Workmen's Compensation law.

The provision in §307(7) supra, requiring that the payment of funeral expense be made directly to the undertaker does not affect the nature of the payments as *compensation* for subrogation purposes. The reason for the provision is obvious. Since such direct payment relieves a claimant from liability to that extent, payment of funeral expenses is nonetheless "compensation" on the principle that whatever relieves one from necessary expense is the equivalent of a direct payment to him. Staller v. Staller, supra.

In both the Haley and the Staller cases we distinguished the case of *Paolis v. Tower Hill C. Coke Co.*, 265 Pa. 291, 108 A. 638, on which appellant strongly relies. The holding in that case goes no further than that a voluntary payment for medical expense made by an employer without regard to his liability for compensation cannot toll the limitation of §315 of the Act, as amended, 77 PS §602, and permit the filing of a claim for compensation more than one year after the accident.

Judgment affirmed.