## Leach v. Meadow Gold Dairies, Inc., Appellant.

Argued April 16, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Irwin M. Ringold,* with him *Philip E. Brockway,* for appellants.

*David W. Ketler,* with him *John V. Wherry,* for appellee.

OPINION BY Ross, J., October 1, 1952:

This workmen's compensation case involves a question of subrogation.

The claimant is the widow of Stanley T. Leach, who died on January 14, 1947 as the result of injuries suffered in an automobile collision on November 5, 1946 while he was acting in the course of his employment with the defendant, Meadow Gold Dairies, Inc. The compensation authorities made an award in favor of the claimant and her minor child in the total amount of $5,859.00, which did not include any item for medical or funeral expenses. The defendant and its insurance carrier, the appellants, do not question the amount of the award or the propriety of its entry.

The claimant, on behalf of herself and minor son and as administratrix of the estate of her husband, brought suit against the driver of the other automobile involved in the collision. The suit against the tortfeasor, which included an item for funeral expenses in the amount of $952.12, was settled for $5,500.00. This

settlement presumably included the claim for funeral expenses; the appellants do not contend otherwise and they admit the amount was reasonable. After deducting the amount of the settlement various items—to none of which the appellants object—the compensation authorities also deducted the amount of the funeral expenses and applied the remainder as a credit on the award. The learned court below sustained the conclusion of the referee and the board, and this appeal was taken by the employer and its insurance carrier.

A single question is presented by this appeal. The appellants contend that "although the funeral expenses of $952.12 was not unreasonable, a proper deduction under the Subrogation Section was the statutory amount of $200.00 permitted by . . . the Act rather than the full funeral expense". The appellants take the position that the difference, $752.12, should be credited to the employer's liability for compensation. It is our opinion that the court below and the compensation authorities reached the proper conclusion.

Section 319 of the Workmen's Compensation Act, as amended by the Act of May 18, 1945, P. L. 671, 77 PS 671, provides as follows: "Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party for the balance of any sum recovered in litigation, or paid in compromise settlement, after subtraction of reasonable attorney's fees and other proper disbursements, but only to the extent of the compensation payable under this article by the employer. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe or to the dependents, and shall be treated as an advance payment by the

employer on account of any future installments of compensation." Section 307 of the Act, 77 PS 561, provides, inter alia: "In case of death, compensation shall be computed on the following basis, and distributed to the following persons: . . . 7. Whether or not there be dependents as aforesaid, the reasonable expense of burial, not exceeding two hundred dollars, which shall be paid by the employer or insurer directly to the undertaker (without deduction of any amounts theretofore paid for compensation or for medical expenses)."

It is to be observed that section 307(7), supra, limits the employer's liability for funeral expenses to $200.00, and funeral expenses are "compensation" as the term is used in this section. *Myers v. Philadelphia Daily News,* 168 Pa. Superior Ct. 561, 79 A. 2d 787. Section 319 of the Act, supra, provides that the employer shall be subrogated only "to the extent of the compensation payable under this article by the employer". The employer is substituted to the rights of the employe only "until he is reimbursed for whatever sums he was required to pay the employe under the compensation act". *Haley to use v. Matthews,* 104 Pa. Superior Ct. 313, 158 A. 645; *Myers v. Philadelphia Daily News,* supra. With these principles in mind, the fallacy of appellants' contention is apparent. They would reduce the deduction made for funeral expenses to $200.00, thus *increasing* the sum available as a credit against the compensation due claimant and her minor son by $752.12. This would result in subrogation beyond the extent of compensation payable by employer. The sum of $752.12 could not have been recovered by the employer in an action brought directly against the tortfeasor for in such case its recovery would be limited to its liability, that is, to $200.00. The measure of the employer's gain must be the same where, as here, the

fund was realized as the result of the claimant's action. The employer cannot be permitted to derive any benefit from funeral expenses over and above the statutory maximum because such excess is not a sum it was required to pay the employe under the compensation act.

If the employer or its insurance carrier had paid the statutory maximum of $200.00 as required in section 307(7), or if such amount had been included in the award to claimant and her minor son, it would have been proper to exclude only $752.12 from the sum available as a credit against compensation. Here, however, the claimant paid the whole of the funeral expenses and so it was proper to deduct the full $952.12 before computing the credit.

Judgment affirmed.