LONDON LANCASHIRE INDEMNITY COMPANY OF AMERICA, Statutory Subrogee of Maurice L. Leitch and Mary G. Leitch, individually and as husband and wife,

v.

William E. REID, individually and d/b/a Auto Parts and Radiator Co.

and

Dale F. Casseday.

Civ. A. No. 22951.

United States District Court
E. D. Pennsylvania.

Oct. 31, 1957.

898

John F. Naulty, Philadelphia, Pa., for plaintiff.

Thomas E. Comber, Jr., Pepper, Bodine, Frick, Scheetz & Hamilton, Philadelphia, Pa., for defendants.

EGAN, District Judge.

This case is before the Court on plaintiff's motion to strike the defense filed by the defendant, William E. Reid, individually and doing business as Auto Parts and Radiator Co. (hereinafter sometimes referred to as Reid).

Plaintiff's motion will be denied because to permit him to bring suit for the full amount would be contrary to the unequivocal language of the governing statute.

At the time of the happenings hereinafter referred to, Maurice L. Leitch and his wife, Mary G. Leitch, resided at Pennlynn, in the Eastern District of Pennsylvania.

The defendants, Reid and Casseday, both reside at the city of Chester, also in the same District.

The named plaintiff, London Lancashire Indemnity Company of America (hereinafter referred to as London Lancashire), is a Connecticut corporation with offices at Hartford. It covers Mary G. Leitch's employer with workmen's

compensation insurance. In this action it seeks, *in its own name*, as subrogee, to recover from the defendants for their alleged negligence which caused the injuries to Mrs. Leitch and resulted in the damages and loss suffered by her and her husband.

On the afternoon of February 17, 1956, a truck owned by the defendant, Reid, which was operated by his employee, the defendant, Casseday, was in collision with a motor vehicle operated by Mrs. Leitch at a point in Marple Township, Pennsylvania.

As a result, it is alleged that Mrs. Leitch suffered painful and permanent injuries of an extensive nature and that "plaintiff's subrogor, Maurice L. Leitch, was deprived of the companionship and society of his wife to his great financial damage and loss." *Wherefore, plaintiff, London Lancashire, in its own name as statutory subrogee, demands judgment for $750,000.*

Defendant, in its answer, denied that the plaintiff is subrogee to the entire rights of the Leitchs and as a partial subrogee is limited in its recovery to the monies paid to or on behalf of the Leitchs or are obligated so to pay under the terms of the Pennsylvania Workmen's Compensation Act, 77 P.S. § 1 et seq. Plaintiff moved that the defense as set forth be dismissed as being contrary to the provisions of said Act. Plaintiff's motion must be denied.

■ In a case not founded on a federal substantive right, this Court sits as another court of Pennsylvania and is bound to apply the law of Pennsylvania as to any matters which substantively affect the outcome of the action. Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Guaranty Trust Co. of New York v. York, 1944, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079.

Therefore, this action coming under The Pennsylvania Workmen's Compensation Act, it is to that statute which we must look to answer the problem. Section 319 of the Act, Pa.Stat.Anno. tit. 77, § 671, reads as follows:[1]

"Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party *to the extent of the compensation payable under this article by the employer;* reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future installments of compensation." (Emphasis supplied.)

There can be no question but that the insurance carrier is subrogated to the rights of the employee. How far this right extends is the question before the Court today. Plaintiff contends that it is entitled to sue as subrogee for the *entire* loss suffered by the Leitchs. Such an interpretation contradicts the plain language of the statute—"\* \* \* to the extent of compensation payable under this article by the employer." Although it might be argued that the last sentence of the section creates an ambiguity and apparently permits the subrogee to bring the entire action, the courts have not so held. In Wilson v. Pittsburgh Bridge & Iron Works, 1925, 85 Pa.Super. 537, in interpreting this section as originally passed, the Pennsylvania Superior Court said:[2]

---

1. This section was re-enacted in 1956.
2. The section as originally passed was substantially the same as the present section stands as amended. For comparison purposes, the former version is herewith set forth:

"The statute does not say by whom the action against the negligent third person shall be brought. Considering the section as a whole it would seem that the right of action still remains in the injured employee and that suit must be brought in his name, the interest of the employer appearing either by his joinder as an *additional party* plaintiff (Gentile v. Philadelphia & R. Ry. Co., 274 Pa. 335, 118 A. 223), or as a use-plaintiff (Mayhugh v. Somerset Telephone Co., 265 Pa. 496, 109 A. 213; Stoughton v. Manufacturers' National Gas Co., 165 Pa. 428, 30 A. 1001), or by reference to his interest in the plaintiff's statement, as when a widow sues on behalf of herself and children for the damages sustained by the death of her husband. A failure to adopt any of these courses, however, does not prevent subrogation to the employer, in a proper case, out of the fund recovered (Satterfield v. Wahlquist, 267 Pa. 378, 111 A. 253; Lengle v. North Lebanon Tp., 274 Pa. 51, 54, 117 A. 403).

"If the injured employee refuses to institute suit against the negligent third person, the employer paying or liable to him for compensation, may bring such action in the name of the employee, in the manner above referred to, and prosecute it for the interests of both, and any verdict and judgment recoverable thereunder must be distributed in accordance with the provisions of section 319 above quoted. It was such a situation, probably, that the legislature had specially in mind in its use of the last sentence of the section: 'Any recovery against such third person in excess of the com-

pensation theretofore paid by the employer shall be paid forthwith to (not, received by) the employee,' etc." 85 Pa.Super. at page 539.

Here, there is no evidence of a refusal by the Leitchs to sue. In the event there was, the action would have to be brought in their names, or to use of, consequently ousting the jurisdiction of this Court. But that is another question, which is not before the Court today.

 From the plain meaning of the above quoted statute, coupled with the interpretation of the Wilson case, it is clear that at most London Lancashire is only a partial subrogee and as such would only be entitled to bring the action for *the amount it would be responsible for under the Act.*

This Court's interpretation of section 319 is supported by a more recent Pennsylvania Superior Court case handed down in 1952. There, the employee's administratrix sued the employer and the employer's insurance carrier subsequent to a recovery of $5,500 against the third-party tort-feasor. It was held by the lower court that the amount recovered in the suit against the tort-feasor, which the employer by subrogation, would be entitled to credit against his liability, should be reduced by deducting the amount of the employee's funeral expenses included in the $5,500 recovery. In affirming the lower court, the Superior Court held that no part of the employee's funeral expenses so recovered could be credited against the employer's liability because its liability included no item for funeral expenses. In reaching this conclusion, the court said:

"Section 319 of the Act, supra, provides that the employer shall be subrogated 'only to the extent of the compensation payable under this

"Where a third person is liable to the employee or the dependents for the injury or death, the employer shall be subrogated to the right of the employee or the dependents against such third person, but only to the extent of the compensation payable under this article by the employer. Any recovery against

such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation."

article by the employer'. The employer is substituted to the rights of the employe only 'until he is reimbursed for whatever sums he was required to pay the employe under the Compensation Act'. Haley to Use of Martin v. Matthews, 104 Pa. Super. 313, 158 A. 645, 646; Myers v. Philadelphia Daily News [168 Pa. Super. 561, 79 A.2d 787]. With these principles in mind, the fallacy of appellants' (employer-insurance carrier) contention is apparent. They would reduce the deduction made for funeral expenses to $200, thus increasing the sum available as a credit against the compensation due claimant and her minor son by $752.12. This would result in subrogation beyond the extent of compensation payable by employer. *The sum of $752.12 could not have been recovered by the employer in an action brought directly against the tortfeasor for in such case its recovery would be limited to its liability, that is, to $200.*" Leach v. Meadow Gold Dairies, Inc., 1952, 171 Pa.Super. 594, at page 597, 91 A.2d 293, at page 294; see also, Scalise v. F. M. Venzie, Inc., 1930, 301 Pa. 315, 317, 319, 152 A. 90. (Emphasis supplied.)

■ Ours can be the *only* interpretation. To hold otherwise would permit the insurance carrier to control the action. Obviously in a suit of this kind the primary recovery belongs to the injured employee. By permitting the subrogee to bring the *entire* action in its own name, we would be letting "the tail wag the dog." Clearly this should not be so. The fact that the plaintiff-insurer has become subrogated to *part* of the injured employee's claim, should not make it the proper party to enforce the entire cause of action. The cases cited by the plaintiff apparently extend the language of the Act; but a careful reading of these cases only strengthens the defendant's position.

■■ Although it might be argued that a multiplicity of suits will ensue because of our conclusion, this is a necessary evil of our dual judicial system. And although this Court would have liked to have adjudicated this matter in a single action, it was prevented from doing so for two reasons. First, a joinder of the Leitchs in this tribunal would have been impossible because as partial subrogors, they are only *necessary* parties whose joinder can only be accomplished where federal jurisdiction permits. United States v. Aetna Cas. & Sur. Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171. As residents of Pennsylvania, the joinder of these parties would oust the jurisdiction of this Court and therefore would not be permitted under our rules. Rule 19, Fed.Rules Civ.Proc. 28 U.S.C.; 3 Moore, Federal Practice (2d ed.1948), p. 2902; Mackintosh v. Marks Estate, 5 Cir., 1955, 225 F.2d 211, certiorari denied 1955, 350 U.S. 934, 76 S.Ct. 306, 100 L.Ed. 816; Dunham v. Robertson, 10 Cir., 1952, 198 F.2d 316. Secondly, a dismissal of the action in its entirety, in effect sending it to the State court, would deprive the non-Pennsylvania plaintiff, London Lancashire, of its constitutional right to have its claim determined in a federal court. See, Norton v. United Gas Corporation, D.C.W.D.La.1940, 1 F.R.D. 155. Thus, London Lancashire, as partial subrogee, may sue in this Court, while the Leitchs must get their satisfaction in the State tribunal.

Fortunately, at this point, neither party will be prejudiced by this decision. Since the action has not been barred by the applicable statute of limitations of Pennsylvania, the Leitchs may still have their day in court.

■ Plaintiff's motion to strike is denied, and its recovery limited to the amount of compensation paid and to be paid according to The Pennsylvania Workmen's Compensation Act.