Bumbarger *v.* Bumbarger et al., Appellants.

Argued September 15, 1959.  Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Joseph J. Lee,* for appellants.

No argument was made nor brief submitted for appellee.

OPINION BY RHODES, P. J., November 11, 1959:

This appeal involves the extent to which a workmen's compensation insurance carrier is subrogated to a settlement made between the employe, to whom compensation was paid, and a third party tortfeasor who caused the injury.  Appellants, Harvey Bumbarger and Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company, appeal from a judgment for claimant in the Court of Common Pleas of Clearfield County.  The court sustained a decision of the Workmen's Compensation Board that the insurance carrier was not subrogated to that part of the settlement between the employe and the third party which was designated in the settlement as being damages for pain and suffering.

Claimant, James H. Bumbarger, was injured in an automobile accident through the negligence of Ephraim S. Davis. At the time of the accident claimant was on the business of his employer, Harvey Bumbarger. He filed for and was awarded compensation which was paid by appellant insurance carrier. Thereafter claimant filed an action of trespass against the executrix of the estate of Ephraim S. Davis, deceased; neither the employer nor the insurance carrier intervened. The trespass action was settled for $2,929.14, and claimant gave a release authorizing payment to the insurance carrier in the amount of $1,498.98, representing loss of wages to August 26, 1957, together with hospital and doctor bills previously paid by the insurance carrier. Settlement also included $1,430.16; of this amount $930.16 was for damages to his automobile, and $500 was "allotted for pain and suffering." The insurance carrier paid $374.74 as its proportionate share of the employe's attorney fees. Appellant, the insurance carrier, contended before the referee that its right of subrogation should apply to payments of compensation made to the employe up to January 28, 1958, in the total amount of $1,585.56, of which it was only reimbursed to the extent of $1,498.98, leaving a balance of $86.58 less 25 per cent for attorney fees, or $64.94, and that it was also entitled to subrogation on future payments of compensation to be made after January 28, 1958, in the sum of $413.42, less 25 per cent thereof for attorney fees leaving a balance of $310.07. Claimant having refused to agree, on February 26, 1958, a petition was filed by the insurance carrier with the workmen's compensation authorities to terminate or modify the compensation awarded because of claimant's settlement with the third party. The referee concluded that the insurance carrier was entitled to a credit by way of subrogation to the full amount of the

settlement for personal injuries including the damages for pain and suffering. On appeal, as we have indicated, the board reversed the decision of the referee and held the $500 allotted to pain and suffering was not subject to subrogation by the employer and his insurance carrier. The board reasoned that since the insurance carrier could not have received the item for pain and suffering from the third party tortfeasor if the insurance company had brought the action it was not entitled to benefit from this item of damages in the action brought by the claimant. The Court of Common Pleas of Clearfield County affirmed the board. The right of an employer and his insurance carrier to subrogation against the third party tortfeasor arises by virtue of section 319 of the Act of June 2, 1915, P. L. 736, as amended, 77 PS §671. This section provides as follows: "Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation."

In *Furia v. Philadelphia,* 180 Pa. Superior Ct. 50, 54, 118 A. 2d 236, 238, we said: "Subrogation is an equitable doctrine and its basis is the doing of com-

plete, essential and perfect justice between all parties without regard to form. Its object is the prevention of injustice." See *Meehan v. Philadelphia,* 184 Pa. Superior Ct. 659, 665, 136 A. 2d 178.

Under section 319 of the Workmen's Compensation Act, 77 PS §671, the employer is subrogated or given the right to recover from the third party tortfeasor "to the extent of the compensation payable." In using the word "recovery" the Legislature apparently had in mind the net amount recovered in the third party action after the payment of reasonable attorney fees and necessary expenses incidental to the production of the fund. *Soliday v. Hires Turner Glass Company,* 187 Pa. Superior Ct. 44, 47, 142 A. 2d 425.

For subrogation purposes funeral expenses as allowed by the Act are properly regarded as compensation because they are a part of the total liability of the employer. *Myers v. Philadelphia Daily News,* 168 Pa. Superior Ct. 561, 79 A. 2d 787. In *Leach v. Meadow Gold Dairies, Inc.,* 171 Pa. Superior Ct. 594, 91 A. 2d 293, subrogation was limited to liability for funeral expenses as provided in the Act, and it was proper to decide that the employer could not be permitted to derive any benefit from funeral expenses over and above the statutory maximum because such excess is not a sum it was required to pay under the Workmen's Compensation Act. In the present appeal, however, the amount of the payments to the employe for which subrogation is claimed is not questioned. The question arises as to what part of a verdict, settlement, or recovery against the third party is subject to the subrogation claim. It is asserted that the portion of the settlement with the tortfeasor designated as damages for pain and suffering is not subject to the subrogation claim when measured by the nature and elements of the compensation.

"The legislature evidently intended that where a third person is responsible for an injury to the employee, the employer, who has been subrogated to the employee's right, is substituted, not to a portion of, but to all, his rights, until he is reimbursed for whatever sums he was required to pay the employee under the compensation act." *Haley v. Matthews,* 104 Pa. Superior Ct. 313, 316, 158 A. 645, 646.

The subrogation rights of the employer or insurance carrier encompass amounts which are required to be paid under the law. Certainly the claim for subrogation cannot be modified by the claimant and the third party by arbitrarily apportioning the elements of damage for his injuries claimed by the employe against the wrongdoer. Consequently, where, as here, the employer was not a party to the suit or settlement with the third party and did not otherwise foreclose his right to subrogation (*Meehan v. Philadelphia,* supra, 184 Pa. Superior Ct. 659, 136 A. 2d 178), the employe and the third party cannot deprive the employer of his full subrogation right by unilaterally designating a portion of the recovery as damages for pain and suffering. Designation of the type of damage recovered by the settlement is not necessarily conclusive against the employer's right to subrogation for compensation paid by him under the Act. Cf. *The S. S. Etna,* 46 F. Supp. 156.

In *Smith v. Yellow Cab Company,* 288 Pa. 85, 89, 135 A. 858, it was said, in considering section 319, that the section establishes that the employer is not given a right of subrogation only, but is subrogated to the extent of compensation paid, and that it cannot be inferred that a settlement with the employe will bar the claim of the employer to recover the amount thus paid. See *Scalise v. F. M. Venzie and Company, Inc.,* 301 Pa. 315, 152 A. 90.

In *Cooper v. Gettier*, 27 Pa. D. & C. 429, the plaintiffs, Bessie Cooper and Oral Cooper, her husband, instituted an action of trespass against John E. Gettier, claiming damages for the injuries received by Bessie Cooper. She claimed damages for pain and suffering and disfigurement but made no claim for loss of earnings. At the trial she received a verdict for $500, the same being designated by the jury as damages. She had made a claim for compensation under the provisions of the Workmen's Compensation Act of 1915 against the Harris Hotel. An award of compensation was made under which the State Workmen's Insurance Fund paid a total of $422.84, representing compensation and medical expenses for the first thirty days of disability. It was held that the State Workmen's Insurance Fund was entitled to subrogation. In sustaining the contention of the Fund, Judge SHEELY said (page 433 of 27 Pa. D. & C.):

"Bessie Cooper contends that it would be unjust for the insurance carrier to take from her the amount of damages she received for pain and suffering to reimburse it for the amount paid by it on account of her loss of earnings. . . . Plaintiff has no reason to complain if the employer is reimbursed out of the verdict recovered against the wrongdoer. . . . Our compensation statute does not contemplate that the verdict recovered against a wrongdoer should be broken down to determine how much, if anything, was included for loss of earnings. The employer is subrogated: '. . . to the right of the employe . . . against such third person. . . .' . . . We hold, therefore, that the employer or his insurance carrier is entitled to be subrogated in any verdict recovered by the employe against the wrongdoer, subject to the prior payment of costs and expenses, regardless of the elements of damage claimed by the employe against the wrongdoer."

We are of the opinion, in the present case, that the insurance carrier was entitled to be subrogated for the payments admittedly made where the employer was not a party to the settlement and is not otherwise precluded from asserting his full subrogation right. The insurance carrier is entitled to be subrogated to the full extent of its liability notwithstanding the settlement included alleged damages for pain and suffering.

The judgment is reversed, and the record is remanded to the court below for further proceedings in conformity with this opinion.