# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jamey Kamp, :
          Petitioner :
   :
     v. : No. 1275 C.D. 2020
   : ARGUED: December 15, 2021
Green Acres Contracting Co. :
(Workers' Compensation Appeal :
Board), :
          Respondent :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge[1]
                HONORABLE MARY HANNAH LEAVITT, Judge (P)[2]
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE ELLEN CEISLER, Judge

OPINION BY JUDGE CEISLER              FILED: January 21, 2022

      Jamey Kamp (Claimant) petitions this Court for review of the November 23, 2020 order of the Workers' Compensation Appeal Board (Board), affirming the decision of a workers' compensation judge (WCJ). The WCJ denied Claimant's review petition seeking to limit the subrogation interest of Green Acres Contracting Co. (Employer) under Section 319 of the Workers' Compensation Act (Act).[3] The

---

[1] This case was assigned to the opinion writer before January 7, 2022, when Judge Cohn Jubelirer became President Judge.

[2] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 671. Section 319 of the Act relevantly provides that, where a claimant's work injury is caused by a third party, his employer "**shall be subrogated**" against that third party to the extent of the workers' compensation payable under the Act. (Emphasis added.)

issues before the Court are whether Section 319 of the Act violates article I, section 1 and article III, section 18 of the Pennsylvania Constitution.[4] After review, we affirm the Board.

## I. Background

The underlying facts of this matter are set forth in a joint stipulation executed by the parties on March 9, 2019. Certified Record (C.R.), Item No. 23, Joint Stipulation. Claimant suffered a work injury on April 21, 2016, when he was struck by a motor vehicle while performing road work. *Id.* at 1. Employer issued a notice of temporary compensation payable (NTCP), which automatically converted to a notice of compensation payable (NCP) by operation of law. C.R., Item No. 5, WCJ Decision, Finding of Fact (F.F.) No. 1. On June 18, 2018, a WCJ approved a compromise and release (C&R) agreement between the parties, under which Claimant received a lump sum payment of $80,000 in exchange for waiving any future right to specific loss benefits for disfigurement under Section 306(c)(22) of the Act.[5] C.R., Item No. 19 at 6. Employer remained liable for Claimant's ongoing wage loss and for medical expenses directly attributable to the April 21, 2016 work injury. *Id.* Employer specifically reserved its right to subrogation under Section 319

---

[4] Article I, section 1 of the Pennsylvania Constitution provides that "[a]ll men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness." Pa. Const. art. I, § 1.

Article III, section 18 of the Pennsylvania Constitution prohibits the General Assembly (GA) from enacting laws that "limit the amount to be recovered for injuries resulting in death, or for injuries to persons or property[.]" Pa. Const. art. III, § 18.

[5] Section 306(c)(22) of the Act, 77 P.S. § 513(22), establishes the amount of specific loss benefits that may be awarded "[f]or serious and permanent disfigurement of the head, neck or face, of such a character as to produce an unsightly appearance[.]"

2

of the Act for payment of "any and all [workers' compensation] benefits" paid to Claimant. *Id.*

The third-party tortfeasor responsible for the car accident that caused Claimant's April 21, 2016 work injury held two insurance policies with a combined liability limit of $150,000. C.R., Item No. 22 at 2. After rejecting settlement offers from the two insurers in the amount of their respective policy limits, Claimant filed a declaratory action in the Court of Common Pleas of Fayette County (trial court) against Employer, the third-party tortfeasor, and the two insurers, seeking a determination of damages caused by the April 21, 2016 work accident. *Id.* Following an evidentiary hearing, the trial court issued an order on January 3, 2019, in which it determined that Claimant's damages totaled $1,894,877.98, of which $1,500,000 was designated for Claimant's pain and suffering. C.R., Item No. 22, Ex. D. The trial court allocated the remainder as follows: $99,618.85 for lost wages, of which Employer paid $65,662.91; $16,997.42 for lost pension contributions; and $100,000 for permanent disfigurement. *Id.*

Thereafter, Claimant received payment in the amount of each insurer's liability limit, for a total recovery of $150,000. Joint Stipulation at 3. On February 4, 2019, Claimant filed a review petition, seeking a determination as to Employer's subrogation interest in Claimant's third-party recovery, the proceeds of which were placed in an escrow account. C.R., Item No. 2, Item No. 12, Hearing Transcript, 3/8/19, at 6. Employer's proposed third-party settlement agreement (TPSA) allocated Claimant's entire third-party recovery to its accrued workers' compensation lien, resulting in a net subrogation lien in the amount of $99,735.12, after deduction of litigation costs. C.R., Item No. 17.

3

Claimant's TPSA recommended a distribution of proceeds based on Employer's proportional share of the damages calculated by the trial court in Claimant's declaratory action. C.R., Item No. 15. Employer's accrued workers' compensation lien in the amount of $327,861.85 represented 17.3% of the $1,894,877.98 in damages set forth in the trial court's January 3, 2019 order. *Id.* Therefore, Claimant asserted that Employer's subrogation interest was limited to 17.3% of Claimant's *actual* third-party recovery, minus Employer's share of the litigation expenses, resulting in a net workers' compensation lien of $17,150.54. *Id.* Additionally, Claimant challenged Section 319 of the Act as unconstitutionally granting Employer a subrogation interest in Claimant's entire third-party recovery, including damages that were unrelated to Employer's payment of compensation under the Act. C.R., Item No. 20.

In his July 22, 2019 decision, the WCJ concluded that no legal authority existed to support the calculation method proposed in Claimant's TPSA. WCJ Decision, Conclusion of Law (C.O.L.) No. 2. The WCJ found that Employer had an accrued workers' compensation lien in the amount of $327,861.85, and Claimant's litigation expenses totaled $50,863.92. F.F. No. 9, C.R., Item Nos. 14, 17. After deducting Claimant's litigation expenses from his $150,000 third-party recovery, the WCJ found that Employer had a net subrogation lien in the amount of $99,136.08. F.F. No. 9. The WCJ declined to address the constitutional issues Claimant raised, as they were beyond the scope of his authority. C.O.L. No. 5.

Claimant appealed to the Board, reiterating his argument that Section 319 of the Act was unconstitutional, and Employer's net subrogation lien should be limited

4

to 17.3% of Claimant's actual third-party recovery.[6] C.R., Item No. 6. The Board noted that its appellate review does not encompass constitutional issues and that it lacked the authority to determine the constitutional validity of its enabling legislation.[7] Nevertheless, the Board disagreed with Claimant that Section 319 was constitutionally infirm. The Board noted that the rationale behind an employer's right to subrogation was to prevent a claimant's double recovery for the same injury, to ensure that an employer is not required to pay for the negligence of a third party, and to prevent a third party from escaping liability for its wrongful conduct. Board Decision at 10-11 (quoting *Dale Mfg. Co. v. Workmen's Comp. Appeal Bd. (Bressi)*, 421 A.2d 653, 654 (Pa. 1980)). The Board opined that the subrogation provisions of Section 319 were rationally related to these goals. Accordingly, the Board affirmed the WCJ. This appeal followed.

---

[6] Employer appealed the WCJ's calculation of Claimant's litigation expenses, which included $599.04 in costs that Employer argued were solely related to Claimant's declaratory action and thus were not expenses incurred in obtaining his third-party recovery. C.R., Item Nos. 8, 17. The Board disagreed and affirmed the WCJ. *Id.*, Item No. 10, Board Decision at 18. Employer did not appeal that decision.

[7] *See Manor v. Dep't of Pub. Welfare*, 796 A.2d 1020, 1024 (Pa. Cmwlth. 2002) (while an agency is competent to pass upon the validity of its own rules and regulations, it is not competent to pass upon the constitutionality of its own enabling legislation). Agencies may, however, address constitutional challenges to a statute's application. *Keystone ReLeaf LLC v. Dep't of Health*, 186 A.3d 505 (Pa. Cmwlth. 2018) (internal citations omitted).

## II. Issues

On appeal,[8] Claimant argues that Section 319 of the Act violates article I, section 1 and article III, section 18 of the Pennsylvania Constitution.

## III. Discussion

Section 319 of the Act relevantly provides that, where an employee's compensable injury is caused by a third party, "the employer **shall be subrogated** to the right of the employe[e.]" 77 P.S. § 671 (emphasis added). This language is clear and unambiguous, is written in mandatory terms, and admits no exceptions, equitable or otherwise. *Kidd-Parker v. Workers' Comp. Appeal Bd. (Phila. Sch. Dist.)*, 907 A.2d 33, 37 (Pa. Cmwlth. 2006) (internal citations omitted). An employer's right to subrogation under Section 319 is statutorily absolute and can be abrogated only by choice. *Winfree v. Phila. Elec. Co.*, 554 A.2d 485, 487 (Pa. 1989). The purpose behind Section 319 is to prevent a claimant's double recovery for the same injury, to ensure that an employer is not required to pay for the negligence of a third party, and to prevent a third party from escaping liability for his wrongful conduct. *Gillette v. Wurst*, 937 A.2d 430, 436 (Pa. 2007).

"[A] statute is presumed to be constitutional and will not be declared unconstitutional unless it clearly, palpably[,] and plainly violates the [Pennsylvania] Constitution." *Dep't of Transp. v. McCafferty*, 758 A.2d 1155, 1160 (Pa. 2000). A party challenging the constitutionality of a statute has a heavy burden of persuasion. *Id.* Doubts regarding whether a challenger has met this high burden are resolved in favor of finding the statute constitutional. *Germantown Cab Co. v. Phila. Parking*

---

[8] This Court's scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact are supported by substantial evidence. *Thompson v. Workers' Comp. Appeal Bd. (USF&G Co.)*, 781 A.2d 1146 (Pa. 2001). Questions of law are subject to plenary review. *Id.*

*Auth.*, 206 A.3d 1030, 1041 (Pa. 2019). "A statute is facially unconstitutional only where there are no circumstances under which the statute would be valid." *Id.* at 1041. A facial attack tests the constitutionality of a statute based on its text alone without consideration of the facts of a particular case. *Haveman v. Bureau of Pro. & Occupational Affs., State Bd of Cosmetology*, 238 A.3d 567, 572 (Pa. Cmwlth. 2020).

Claimant acknowledges that Section 319 does not implicate a fundamental right and therefore our analysis of Section 319's constitutionality is governed by the rational basis test. Under this analysis, we first determine whether the challenged statute seeks to promote a legitimate state interest. *Kramer v. Workers' Comp. Appeal Bd. (Rite Aid Corp.)*, 883 A.2d 518, 534 (Pa. 2005) (internal citations omitted). If so, we must then determine whether the legislation is reasonably related to accomplishing that state interest. *Id.*

As to the first part of the rational basis test, the overall purpose of the Act is to provide an injured employee benefits, without regard to the employer's fault. *Hartford Ins. Grp. v. Kamara*, 199 A.3d 841, 848 (Pa. 2018). In exchange, the employer is granted the "exclusivity of the remedy of workers' compensation benefits," and the right to subrogate against the injured employee's recovery from any third-party tortfeasor responsible for his compensable injuries. *Id.*

Claimant does not challenge the legitimacy of Section 319's purpose, which in part seeks to relieve an employer from the financial burden caused by the actions of a third-party tortfeasor, and he agrees that Section 319 achieves this purpose. Claimant further agrees that Section 319 prevents a claimant from recovering damages from both his employer and a negligent tortfeasor. He suggests, however, that Section 319 works "too well in application[,]" as it grants the employer an

"unfettered" right to recover against a claimant's third-party settlement, regardless of the relationship between the damages awarded and the benefits paid by an employer under the Act. Claimant's Br. at 17. Because Section 319 has effectively abrogated his right to recover damages incurred as a result of the April 21, 2016 work injury, Claimant argues that Section 319 violates his constitutionally protected right to "recover and retain" property, in contravention of Article I, Section 1 of the Pennsylvania Constitution, without due process of law.

To summarize, Claimant does not argue that Section 319 fails to promote a legitimate state interest, nor does he challenge whether Section 319 is reasonably related to accomplishing that state interest. Claimant has not alleged that no circumstances exist under which Section 319 would be valid.[9] Instead, he argues that Section 319 works "too well" in achieving its purpose. Claimant's Br. at 17.

We must reject Claimant's argument that Section 319 is constitutionally infirm simply because it works too effectively at shifting the financial burden of an employee's work injury from the innocent employer to the negligent tortfeasor. Our courts have repeatedly held as absolute an employer's right to subrogation under Section 319, and Claimant has not presented a compelling argument for overturning this jurisprudence. The WCJ's decision granting Employer a subrogation interest in the entire amount of Claimant's third-party recovery does nothing more than give effect to the express language in Section 319.[10] Additionally, while the trial court's January 3, 2019 order clearly apportioned its $1,894,877.98 award to Claimant's

---

[9] Indeed, Claimant misstates the proper standard for a facial constitutional challenge, asserting that he need only demonstrate that a "substantial number" of Section 319's applications are unconstitutional. Claimant's Br. at 14.

[10] This is particularly true, given that Employer's accrued workers' compensation lien in the amount of $327,861.85 far exceeds Claimant's $150,000 third-party recovery.

damages for pain and suffering, medical expenses, lost wages and pension contributions, and permanent disfigurement, there is no evidence demonstrating that the parties similarly apportioned Claimant's actual recovery. As a result, there would appear to be no basis for limiting Employer's subrogation interest to a fraction of the amount recovered, had the WCJ chosen to do so.

Claimant's second constitutional attack is based on article III, section 18 of the Pennsylvania Constitution, which relevantly permits the GA to enact laws governing the payment of workers' compensation benefits by employers, fixing the amount of compensation to be paid, and providing remedies for the collection thereof. Article III, section 18 further provides that "in no other cases shall the [GA] limit the amount to be recovered for injuries resulting in death, or for injuries to persons or property[.]" Pa. Const. art. III, § 18. Claimant contends that Section 319 of the Act violates article III, section 18, as the subrogation rights granted to employers effectively limit the damages a claimant may recover against a third-party tortfeasor.

We disagree. As Employer points out, the amount of Claimant's actual third-party recovery reflected the limits of the third-party tortfeasor's insurance policies. Section 319 of the Act neither implicitly nor explicitly limits the amount a claimant may recover from a third-party tortfeasor. It merely grants an employer the right to subrogate a claimant's recovery to the extent the employer has paid benefits under the Act. As already discussed herein, one purpose of Section 319 is to ensure that an employer is not required to pay for the negligence of a third party; the subrogation rights entrenched in Section 319 are reasonably related to accomplishing that purpose.

9

In challenging the constitutional validity of Section 319, Claimant urges this Court to distinguish the instant matter from *Thompson v. Workers' Compensation Appeal Board (USF&G Company)*, 781 A.2d 1146, 1152-54 (Pa. 2001) (*Thompson II*), in which our Supreme Court held that an employer's right to subrogation under Section 319 was "absolute" and not subject to "ad hoc equitable exceptions." We decline to do so.

The claimant in *Thompson II*, John L. Thompson (Thompson), sustained a work-related injury in August 1988 when the tip-boom of an Omni 60 aerial platform collapsed, after which Thompson's employer, Craig Welding & Equipment Rental (Craig), and its insurance carrier, USF&G (Insurer), paid Thompson total disability benefits under the Act. A subsequent inspection of the Omni 60 aerial platform revealed problems with the bolts designed to connect the tip-boom. Following the inspection, Craig took possession of the suspect bolts, which were subsequently lost. Thompson and his wife filed a product liability action in October 1988 against the manufacturers, suppliers, and owners of the platform.

The defendants in the product liability action sought to preclude Thompson from presenting evidence relating to his receipt of workers' compensation benefits as a sanction for Craig's failure to produce the bolts at trial. The trial court granted the defendants' motion, after which Thompson and his wife settled the matter for $300,000. The parties, which did not include Craig or Insurer, specifically apportioned $200,000 of the settlement to Thompson's pain and suffering and $100,000 to his wife's claim for loss of consortium. This distribution scheme had the effect of defeating any subrogation rights Craig had under Section 319 of the Act.

Craig filed a petition to suspend Thompson's workers' compensation benefits and to enforce its right to subrogation under Section 319. A WCJ granted Craig's request, which the Board affirmed. This Court reversed in *Thompson v. Workers' Compensation Appeal Board (USF&G Company)*, 730 A.2d 536 (Pa. Cmwlth. 1999) (*Thompson I*), rev'd *Thompson II*, after concluding that Craig was barred from enforcing its subrogation lien on equitable grounds, based on its spoliation of evidence.

The Supreme Court reversed in *Thompson II*, as Craig's right to subrogation under Section 319 was "absolute" and unaffected by equitable considerations. The Supreme Court remanded the matter to this Court with direction to consider whether Craig's subrogation right was nonetheless barred given that Thompson's settlement funds were designated for pain and suffering and loss of consortium. To that end, this Court held in *Thompson v. Workers' Compensation Appeal Board (USF&G Company)*, 801 A.2d 635 (Pa. Cmwlth. 2002) (*Thompson III*), that Thompson's damages for pain and suffering were subject to subrogation under Section 319. In so doing, we relied on *Bumbarger v. Bumbarger*, 155 A.2d 216 (Pa. Super. 1959), in which the Superior Court held that an employer's subrogation claim could not be defeated by "arbitrarily apportioning" a claimant's third-party recovery as damages for pain and suffering.

We recognized the difference between a workers' compensation claim, which represented a statutory form of absolute liability, and a tort claim, for which a judge or jury "face[d] a range of options as to both liability and damages," both "legal mechanisms [were] designed to compensate the claimant" for his work injury. *Thompson III*, 801 A.2d at 638. Craig sought subrogation from funds awarded for the same compensable injury for which it was liable under the Act. Accordingly,

11

we held that Craig could not be deprived of its statutory subrogation rights simply through characterization of Thompson's recovery as pain and suffering, and Thompson's recovery for those amounts were subject to Craig's subrogation lien under Section 319. We did not address the issue of spousal loss of consortium, as the parties had resolved that matter.

Claimant attempts to factually distinguish the instant matter from *Thompson II* and *Thompson III*, noting that Employer fully participated in the third-party action and, unlike the *Thompson* parties, it has not been alleged that Claimant colluded with the third-party tortfeasor to defeat Employer's subrogation rights.

Such minor distinctions are not sufficient to render inapplicable the holdings in *Thompson II* and *Thompson III*. Employer's participation in the third-party action is largely irrelevant, as the parties executed a C&R prior to the initiation of any third-party litigation, and Employer expressly retained its subrogation rights under Section 319. Claimant's argument also ignores a key point made by this Court in *Thompson III*, which recognized that the employer's subrogation right derived from the same compensable injury giving rise to the third-party action. Claimant's third-party action indisputably arose from the same compensable injury for which Employer is liable to pay benefits under the Act. Per *Thompson III*, an employer's subrogation rights under Section 319 are "not affected by the way in which the claimant and third-party tortfeasor, or the fact-finder in their action, characterize the nature of the third-party recovery." *Thompson III*, 801 A.2d at 638.

## IV. Conclusion

Based on the foregoing, we conclude that Section 319 of the Act does not violate article I, section 1 or article III, section 18 of the Pennsylvania Constitution. The Supreme Court's holding in *Thompson II* and this Court's subsequent decision

12

in *Thompson III* govern our disposition of this matter. As Employer's right to subrogation under Section 319 is absolute, we affirm the Board.

ELLEN CEISLER, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jamey Kamp,                      :

           Petitioner        :

                            :

       v.                   :  No. 1275 C.D. 2020

                            :

Green Acres Contracting Co.   :

(Workers' Compensation Appeal  :

Board),                    :

          Respondent   :

## **O R D E R**

AND NOW, this 21st day of January, 2022, the November 23, 2020 order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

 

                                              _____

                                              ELLEN CEISLER, Judge